VIRGINIA A. CRISP (State Bar No. 121387)
e-mail: ef-vac@cpdb.com
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663

JOSEPH S. PRESTA (*Pro Hac Vice Pending*)
email: jsp@nixonvan.com
MICHAEL E. CRAWFORD (*Pro Hac Vice Pending*)
email: mec@nixonvan.com
NIXON & VANDERHYE P.C.
901 North Glebe Road
Arlington, Virginia 22203
Telephone: 703.816.4000
Facsimile: 703.816.4100

Attorneys for Defendant and Counterclaimant
MANN PACKING COMPANY, INC.,
a California corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| APIO, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>MANN PACKING COMPANY, INC., a California corporation, and DOES 1-10 inclusive,<br><br>    Defendant. | Case No. CV-07-5628-PVT<br><br>**ANSWER AND COUNTERCLAIMS**<br><br>Judge: Honorable Patricia V. Trumbull<br><br>Trial Date:    None Set |
| MANN PACKING COMPANY, INC. a California corporation,<br><br>    Counterclaimant,<br><br>    v.<br><br>APIO, INC., a Delaware corporation,<br><br>    Counterdefendant. | |

13247.001.759120v1

Case No. CV-07-5628-PVT

**ANSWER AND COUNTERCLAIMS**

MANN PACKING COMPANY, INC. ("Mann") hereby responds to the Complaint of APIO, INC. ("Apio") served November 26, 2007. The numbered paragraphs below correspond to the numbered paragraphs of Apio's Complaint:

## JURISDICTION AND VENUE

1. Mann admits that, pursuant to paragraph 1, Apio purports to bring this action under Title 35 USC §1 *et seq*. but denies any liability thereunder.

2. Mann admits that venue is proper in the Northern District of California under 28 USC §§ 1391 and 1400(b), but it denies any acts of alleged infringement.

## THE PARTIES AND GENERAL ALLEGATIONS

3. Mann lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 3.

4. For purposes of this action only, Mann does not contest personal jurisdiction over it in this case. Mann admits that it does business in this State and this District.

5. Mann lacks knowledge or information sufficient to form a belief as to the vague indefinite allegations of paragraph 5.

## APIO PARTY TRAY DESIGN

6. Mann admits that U.S. Patent No. 7,083,818 ("the '818 patent") issued on August 1, 2006. Mann denies that this patent issued to Wesley Paul Pratte since the face of the '818 patent indicates that it issued to Apio, Inc. Mann denies that this patent was duly and legally issued. Mann admits that an uncertified copy of a document purporting to be the '818 patent is attached as Exhibit 1 to the Complaint. Mann is without sufficient information or belief to admit or deny the remaining allegations of paragraph 6 and, therefore, denies these allegations.

## CLAIM FOR PATENT INFRINGEMENT

7. Mann repeats its answers to paragraphs 1 through 6.

8. Denied, except that it is admitted that poor copies of what appear to be photographs of party trays produced by Mann were attached as Exhibit 2 to the copy of Apio's Complaint served on Mann. Moreover, since only patent claims are infringed, not the patent as a whole, this

paragraph (and the Complaint) wholly fail to satisfy the pleading requirements described in *Bell Atlantic Corporation v Twombly*, ____ U.S. ____, 127 S. Ct. 1955 (2007).

9.  Denied.  Moreover, this paragraph (and the Complaint) wholly fail to satisfy the pleading requirements as described in *Bell Atlantic Corporation v  Twombly*, ____ U.S. ____, 127 S. Ct. 1955 (2007).

10. Denied.  Moreover, this paragraph (and the Complaint) wholly fail to satisfy the pleading requirements as described in *Bell Atlantic Corporation v  Twombly*, ____ U.S. ____, 127 S. Ct. 1955 (2007).

11. Any allegation in Apio's Complaint against Mann that is not specifically admitted above and to which a response is necessary is hereby denied.

**PRAYER FOR RELIEF**

12. To the extent that this section of Apio's Complaint contains any allegations, statements, assertions, or averments, they are denied.  Mann denies that Apio is entitled to any of the relief requested in its Complaint.

**AFFIRMATIVE DEFENSES**

Defendant Mann asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

13. Apio's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Noninfringement)**

14. Mann has not infringed, and is not infringing, any valid and enforceable claim of the '818 patent, either literally or under the doctrine of equivalents, nor has it induced or contributorily infringed any claim of that patent.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity)**

15. The '818 patent, and each claim thereof, is invalid and/or unenforceable under 35 USC § 1 et seq., including without limitation §§ 101, 102, 103 and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**
**(Dedication to the Public)**

16. Apio has dedicated to the public any method or apparatus in the '818 patent but not literally claimed therein, and is estopped from claiming infringement by any such public domain method or apparatus.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Mark)**

17. Apio's claims for relief are barred, in whole or in part, pursuant to 35 USC §287.

**SIXTH AFFIRMATIVE DEFENSE**
**(Unavailability of Enhanced Damages)**

18. Apio has failed to plead and meet the requirements for enhanced damages.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Injunction)**

19. At a minimum, Apio has an adequate remedy at law for any alleged infringement, and Apio will not suffer any allegedly irreparable or inadequately compensable damages. Upon information and belief, Apio cannot meet the requirements for the entry of any injunction in this case. *See*, *e.g., eBay, Inc. v MercExchange, L.L.C.*, ____ U.S. ____, 126 S.Ct. 1837, 164 L.Ed. 2d 1837 (2006).

**EIGHTH AFFIRMATIVE DEFENSE**
**(Inequitable Conduct)**

20. The '818 patent is unenforceable due to inequitable conduct in its prosecution before the United States Patent and Trademark Office ("the PTO"), as more particularly alleged below.

21. The application which led to the '818 patent, U.S. Patent Application No. 10/222,435 ("the '435 application"), was filed on August 16, 2002. The '435 application was filed by the named inventor, Wesley Paul Pratte, who assigned all rights to Apio on January 14, 2003. Apio then prosecuted the '435 patent until it issued as the '818 patent on August 1, 2006.

22. The '818 patent is unenforceable because Apio, its attorneys, its representatives, and/or the inventor engaged in inequitable conduct in the prosecution of the '435 application that led to the '818 patent.

23. Apio, its attorneys, its representatives, and/or the inventor had a duty under 37 CFR §1.56 to file and prosecute the '435 application before the PTO with "candor and good faith."

24. The duty of candor and good faith under 37 CFR §1.56 required Apio, its attorneys, its representatives, and/or the inventor to disclose to the PTO "all information known . . . to be material to patentability."

25. Apio, its attorneys, its representatives, and/or the inventor breached the duty of good faith and candor by its intentional failure to disclose material information, and/or the submission of knowingly incomplete material information.

26. During prosecution of the '435 application, highly relevant material prior art known to the applicant was not disclosed to the PTO during the prosecution of the application that eventually issued as the '818 patent.

27. Specifically, an Information Disclosure Statement submitted to the PTO at the time of the initial application (the "August 16, 2002 Disclosure") submitted two brochures partially disclosing Apio's "Eat Smart" containers: "Trade brochure entitled 'Smart Party Trading Headquarters' published by Apio Inc."; and, "Trade brochure entitled 'All Occasion Party Trays' published by Apio Inc."

28. Neither Apio nor the inventor, however, chose to disclose the critical covers for the Eat Smart containers (the "Eat Smart covers"). The text of the disclosure indicates that the applicant purposely omitted the crucial material prior art covers from the disclosure:

> These trade brochures show party trays without any top covers. Applicant admits that party trays as shown in the trade brochures, but sealed with a sealing sheet secured to the upper surface of the black tray, and then covered with a protective transparent lid, were published before the date on which the present invention was made.

August 16, 2002 Disclosure, p.1 (emphasis added).

29. Apio's knowledge of the relevance of the Eat Smart covers and other withheld prior art is further shown by a "disclosure" (the "July 21, 2006 Disclosure") Apio slipped into the '435

application file history after the PTO's substantive examination of the '818 application had closed, the claims had been allowed, and the issue fees paid:

> Applicant has previously disclosed information about party trays which are prior art to this application, including the Apio trade Brochures which are of record. In addition, as noted at the beginning of this Disclosure Statement, more than one year before filing date of this application, Apio sold party trays which are in some respects similar to those allegedly sold by Foxy Foods"

July 21, 2006 Disclosure, p.9 (emphasis added).

30. Apio therefore knew, or should have known, during the prosecution of the '435 application of the materiality of Apio's own prior art container that was "similar" to the Foxy container (the "Foxy-similar container") referenced in Apio's July 21, 2006 Disclosure.

31. Exhibit B3 to that same July 21, 2006 Disclosure depicts a prior art container manufactured by FOXY FOODS that appears to share the same peripheral conformations as the Mann product Apio now accuses of infringing. Page 4 from the text of the July 21, 2006 disclosure describes the cover of this Foxy container as having "periphery conformations which engage the rim of the container body, and around its center a narrow circular conformation . . . "

32. Apio's intent that Apio's Foxy-similar container not be considered by the examiner is shown by the opening statement in Apio's July 21, 2006 disclosure: "Applicant understands that this Disclosure Statement will be placed in the file but will not be considered by the Examiner" (emphasis added).

33. Instead of consciously failing to properly disclose the Foxy-similar container and allowing the '435 application to issue as the '818 patent, the good-faith course of action for Apio would have been to file a "Petition to Withdraw from Issue" under 37 CFR §1.313, together with a "Request for Continued Examination" under 37 CFR §1.114, providing full disclosure of Apio's Foxy-similar container, and giving the examiner the opportunity to consider the materiality of that prior art—but Apio chose not to do so.

34. Had the PTO examiner considered the Eat Smart covers and the Foxy-similar container, the examiner would have found the invention claimed in the '818 patent to be

unpatentable under 35 USC §§ 102, 103 as having been anticipated by, and/or obvious in light of, this undisclosed prior art.

35. Apio, its counsel, its representatives, and/or the inventor knew, or should have known, that the Eat Smart covers and the Foxy-similar container were information that a reasonable examiner would be substantially likely to consider important in determining whether to issue the '818 patent, and therefore material.

36. Apio, its counsel, its representatives, and/or the inventor knew, or should have known, that the Eat Smart covers and the Foxy-similar container were material information regarding the patentability of the invention claimed by the '818 patent.

37. Despite the materiality of the Eat Smart covers and the Foxy-similar container, and despite Apio's obligation under PTO rules (e.g., 37 CFR §1.56) to disclose material prior art known to the applicant during prosecution, this material prior art was not properly disclosed to the examiner at any point during the prosecution of the '435 application by Apio, its counsel, its representatives, or the inventor.

38. Because Apio, its counsel, its representatives, and/or the inventor withheld information that they knew, or should have known, was material to the patentability of the invention claimed by the '818 patent, Apio, its counsel, its representatives, and/or the inventor intended, or are subject to an inference that they intended to deceive the PTO.

39. By intentionally not providing material information that Apio was required to provide during the prosecution of the '435 application, Apio committed inequitable conduct rendering the resulting '818 patent unenforceable.

### NINTH AFFIRMATIVE DEFENSE
#### (Reservation of Rights)

40. Mann reserves the right to assert additional defenses that may become apparent during discovery or otherwise in this action.

### COUNTERCLAIMS

Defendant and counterclaim plaintiff Mann, for its counterclaims against counterclaim defendant Apio, alleges as follows:

1    41.    Defendant and counterclaim plaintiff Mann is a California corporation having its principal place of business at: 1250 Hansen St., Salinas, California 93901.

2    42.    Upon information and belief, plaintiff and counterclaim defendant Apio is a Delaware corporation having its principal place of business at: 4595 W. Main St., Guadalupe, California 93434.

43.    In its Complaint, Apio alleges that it is the owner by assignment of the '818 patent and holds all rights and interests in that patent.

44.    Under 28 USC § 1338(a), this Court has subject matter jurisdiction over these counterclaims for declaratory judgment, brought pursuant to the Federal Declaratory Judgment Act, 28 USC §§ 2201 and 2202. Venue for these counterclaims is proper under 28 USC §§ 1391(b) and (c) and 1400(b) and because Apio has brought an action against Mann in this judicial district.

45.    Based at least on the Complaint Apio filed against Mann, an actual and justiciable controversy exists between Mann and Apio with respect to the alleged infringement and validity of the '818 patent.

### FIRST COUNTERCLAIM
**(Declaratory Judgment of Noninfringement)**

46.    Mann realleges and incorporates by reference all allegations in paragraphs 13 – 45 above.

47.    Mann seeks a declaration that it has not infringed and is not infringing (either directly, indirectly, contributorily, or by inducement), any claim of the '818 patent.

### SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity)**

48.    Mann realleges and incorporates herein by reference all allegations in paragraphs 13 – 47 above.

49.    Mann seeks a declaration that the '818 patent and each claim therein are void and invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and/or 112.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment of Unenforceability of the '818 Patent)**

50. Mann realleges and incorporates herein by reference all allegations in paragraphs 13 – 49 above.

51. Mann seeks a declaration that the '818 patent is unenforceable due to the inequitable conduct committed by the applicants for the '818 patent and/or their attorneys or agents.

52. Because Apio knows, or should know, that there is no infringement of any valid and enforceable claim, yet has brought suit against Mann, this is an exceptional case.

**JURY DEMAND**

53. Mann respectfully demands a trial by jury of all issues triable as of right by jury in the above action under FED.R.CIV.P. 38(b) and the 7th Amendment to the Constitution of the United States.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant Mann prays that this Court:

1. Adjudge and decree that all of Apio's claims are denied;

2. Adjudge and decree that Mann has not infringed the '818 patent;

3. Adjudge and decree that Mann has not willfully infringed the '818 patent;

4. Adjudge and decree that the '818 patent is invalid;

5. Adjudge and decree that the '818 patent is unenforceable;

6. Adjudge and decree that this is an exceptional case under 35 USC §285 and award Mann its reasonable attorney fees and the costs of this action;

///
///
///
///
///
///

7.    Award Mann such other and further relief as the Court deems just and proper under all of the circumstances.

Dated: December 13, 2007    COBLENTZ, PATCH, DUFFY & BASS LLP

By:     O/S by
Virginia A. Crisp
Attorneys for Defendant
MANN PACKING COMPANY, INC.,
a California corporation