Jeffrey G. Sheldon (State Bar No. 67516)
Marc A. Karish (State Bar No. 205440)
SHELDON MAK ROSE & ANDERSON PC
100 East Corson Street, Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321
E-Mail: mkarish@usip.com

Attorneys for Plaintiff and Counterdefendant
APIO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APIO, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MANN PACKING COMPANY, INC., a California corporation; and DOES 1 – 10, inclusive,<br><br>　　　　Defendants. | Case No. CV 07-5628 PVT<br><br>**PLAINTIFF APIO, INC'S ANSWER TO DEFENDANT MANN PACKING COMPANY, INC.'S COUNTERCLAIM** |
| MANN PACKING COMPANY, INC., a California corporation,<br><br>　　　　Counterclaimant,<br><br>　　vs.<br><br>APIO, INC., a Delaware corporation,<br><br>　　　　Counterdefendant. | |

　　Plaintiff and Counterdefendant APIO, Inc., ("APIO") answers the Counterclaim by Defendant Mann Packing Company, Inc. ("MANN") as follows:

　　1. Answering paragraph 41 of the Counterclaim, APIO is without sufficient knowledge or information to form a belief as to the truth of the averments contained in said paragraph.

2. Answering paragraph 42 of the Counterclaim, APIO admits that it is a Delaware corporation having its principal place of business in Guadalupe, California 93434. Except as so admitted, APIO denies each and every allegation contained in paragraph 42 of the Counterclaim.

3. APIO admits the allegations contained in paragraph 43 of the Counterclaim.

4. APIO admits the allegations contained in paragraph 44 of the Counterclaim.

5. APIO admits the allegations contained in paragraph 45 of the Counterclaim.

6. Paragraph 46 of the Counterclaim incorporates the numerous irrelevant and erroneous conclusions of law found in MANN's affirmative defenses in violation of FRCP 8(e)(1). APIO incorporates herein by reference its answers to paragraphs 41 to 45 of the counterclaim above. APIO admits that the application which led to U.S. Patent No. 7,083,818 ("the '818 Patent") was filed on August 16, 2002. APIO admits that Wesley Paul Pratte is the named inventor of the '818 Patent and that Wesley Paul Pratte assigned the '818 Patent to APIO on January 14, 2003. APIO admits that current 37 CFR §1.56 states that "Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability." APIO admits that an Information Disclosure Statement was submitted to the PTO with the filing of the application that resulted in the '818 Patent and that an Information Disclosure Statement was submitted to the PTO on July 21, 2006. Except as so admitted, APIO denies each and every allegation contained in paragraph 46 of the Counterclaim.

7. With regard to paragraph 47 of the Counterclaim, APIO admits that MANN seeks a declaration that it has not infringed and is not infringing any claim

of the '818 Patent. Except as so admitted, APIO denies each and every allegation contained in paragraph 47 of the Counterclaim.

8. Paragraph 48 of the Counterclaim incorporates the numerous irrelevant and erroneous conclusions of law found in MANN's affirmative defenses as well a prior incorporation by reference in violation of FRCP 8(e)(1). APIO incorporates herein by reference its answers to paragraphs 41 to 47 of the Counterclaim above.

9. With regard to paragraph 49 of the Counterclaim, APIO admits that MANN seeks a declaration that the '818 Patent and each claim therein are void and invalid. Except as so admitted, APIO denies each and every allegation contained in paragraph 49 of the Counterclaim.

10. Paragraph 50 of the Counterclaim incorporates the numerous irrelevant and erroneous conclusions of law found in MANN's affirmative defenses as well as prior incorporations by reference in violation of FRCP 8(e)(1). APIO incorporates herein by reference its answers to paragraphs 41 to 49 of the Counterclaim above.

11. With regard to paragraph 51 of the Counterclaim, APIO admits that MANN seeks a declaration that the '818 Patent is unenforceable. Except as so admitted, APIO denies each and every allegation contained in paragraph 51 of the Counterclaim.

12. APIO denies the allegations contained in paragraph 52 of the Counterclaim.

## First Affirmative Defense
### (Failure to State a Claim)

13. MANN's Counterclaim fails to state a claim upon which relief can be granted.

## Second Affirmative Defense
### (Additional Defenses)

14.  APIO hereby gives notice that it intends to rely upon any additional affirmative defenses which may become apparent during discovery and therefore reserves the right to amend its Answer to Counterclaim to assert any such defenses.

## PRAYER FOR RELIEF AS TO ANSWER

WHEREFORE, Plaintiff and Counterdefendant APIO prays for relief as follows:

1. That MANN take nothing by its Counterclaim;
2. That judgment be entered in favor of APIO dismissing each and every claim for relief contained in the counterclaim with prejudice;
3. That APIO recover its reasonable attorneys' fees;
4. That APIO recover its costs incurred herein; and
5. For such other relief as this Court deems just and proper.

Dated: January 2, 2008

SHELDON MAK ROSE & ANDERSON PC

By: _____
Marc A. Karish

Attorneys for Plaintiff and Counterdefendant APIO, INC.

## REQUEST FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), APIO hereby requests a trial by jury of all issues raised by the counterclaim which are properly triable to a jury.

Dated: January 2, 2008

SHELDON MAK ROSE & ANDERSON PC

By: *[signature]*
Marc A. Karish

Attorneys for Plaintiff and Counterdefendant
APIO, INC.

# PROOF OF SERVICE
CCP §§ 1013, 1013a (New January 1, 2005)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was over 18 years of age and **not a party to this action**.

2. My business address is: 100 East Corson Street, Third Floor, Pasadena, CA 91103-3842.

3. On **January 2, 2008**, I served the following document(s):

   **PLAINTIFF APIO, INC.'S ANSWER TO DEFENDANT MANN PACKING COMPANY, INC.'S COUNTERCLAIM**

   ☐ The documents are listed on Attachment "A."

4. I served the documents on the **persons** below, as follows:

   a. **Name** of person served:

   b. **Address** of person served:

   c. **Fax Number** or **e-mail address** of person served, if service was by fax or e-mail:

   d. Time of service, if personal service was used:

   ☐ The names, addresses, and other applicable information about the persons served is on Attachment "B."

5. The documents were served by the following means (specify):

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

   b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in Item 4 and (specify one):

   (1) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☐ **placed** the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

   c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in Item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in Item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in Item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐  **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in Item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

g. X  **By E-FILING.** The document will be E-Filed with the Court and a "Notification of E-Filing" will be e-mailed by the Court to all registered attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on **January 2, 2008** at Pasadena, California.

_____
Donald K. Piper

### DECLARATION OF MESSENGER

☐  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on **January 2, 2008** at _____, California.

_____    _____
(Name of Declarant)                                     (Signature of Declarant)

## ATTACHMENT "B" TO PROOF OF SERVICE

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served | Address (business or residential), Fax, or E-mail (as applicable) Where Served | Manner of Service |
|---|---|---|
| Virginia A. Crisp, Esq. | COBLENTZ, PATCH, DUFFY & BASS LLP<br>One Ferry Building, Suite 200<br>San Francisco, California 94111-4213<br>Fax: 415-989-1663 | ECF |
| Joseph S. Presta, Esq.<br>Michael E. Crawford, Esq. | NIXON & VANDERHYE P.C.<br>901 North Glebe Road<br>Arlington, Virginia 22203<br>Fax: 703-816-4100 | ECF |