Jeffrey G. Sheldon (State Bar No. 67516)
Marc A. Karish (State Bar No. 205440)
SHELDON MAK ROSE & ANDERSON PC
100 Corson Street, Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321
E-Mail: mkarish@usip.com

Attorneys for Plaintiff and Counterdefendant
APIO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APIO, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>MANN PACKING COMPANY, INC.,<br>a California corporation; and DOES 1 –<br>10, inclusive,<br><br>    Defendants.<br><br>MANN PACKING COMPANY, INC.,<br>a California corporation,<br><br>    Counterclaimant,<br><br>vs.<br><br>APIO, INC., a Delaware corporation,<br><br>    Counterdefendant. | Case No. CV 07-5628 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1) <u>Jurisdiction and Service</u>:

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1338. The parties are unaware of any factual issues regarding personal jurisdiction or venue which remain unresolved.

No parties remain to be served.

The named parties do not intend to join any additional parties.

2) <u>Facts</u>:

APIO, Inc. ("APIO") brought suit against Mann Packing Company ("MANN") for infringement of APIO owned U.S. Patent No. 7,083,818 directed to methods of mass producing vegetable trays that have the freshness and appearance of store made trays. MANN denies APIO's allegations and has filed a counterclaim against APIO for declaratory judgment of noninfringement, invalidity and unenforceability of APIO's patent.

The parties dispute the characteristics of the vegetable trays made and sold by MANN.

3) <u>Legal Issues</u>:

APIO contends that MANN has willfully infringed APIO's patent. MANN contends that it has not infringed and/or that APIO's patent is invalid and/or unenforceable. The laws of patent infringement, validity and unenforceability are found in 35 U.S.C. § 1 et seq.

4) <u>Motions</u>:

No motions have been filed or are currently pending. The parties anticipate filing respective Motions for Summary Judgment, and/or other dispositive motions, with respect to all causes of action.

5) <u>Amendment of Pleadings</u>:

At this time, the parties do not anticipate amending the pleadings to add parties, claims or defenses. The parties propose a deadline of July 11, 2008 to amend the pleadings.

6) <u>Evidence Preservation</u>:

APIO has ceased any document destruction programs and any ongoing erasures of e-mails, voice mails, or other electronically-recorded material.

7) <u>Initial Disclosures</u>:

The parties will exchange the information required by FRCP 26(a)(1) no later than February 22, 2008 or as directed by the Court.

8) <u>Discovery</u>

    a. <u>Changes in Limitations of Discovery</u>:

The parties agree that the limitations on discovery found in the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California will govern. The parties agree that any proposed changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Local Rules should be addressed by motion or further stipulation of the parties. The parties will seek a mutually agreeable Protective Order to protect any proprietary, trade secret or confidential materials. The parties agree to use client identifiers and/or bates stamping to designate their respective clients' documents produced in the course of discovery.

    b. <u>APIO's Anticipated Discovery Needs</u>:

        i. MANN's first use of the allegedly infringing method for making vegetable trays;

        ii. The number of units sold by MANN made using the allegedly infringing method;

        iii. Financial information relating to MANN's sales of trays made by the allegedly infringing method;

        iv. The basis for MANN's denial of the charge of willful infringement;

        v. MANN's basis for its affirmative defenses;

        vi. MANN's basis for its counterclaims.

    c. <u>MANN's Anticipated Discovery Needs</u>:

      i. Information relating to the basis for Apio's claims;

      ii. Information relating to the prosecution of the patent application that issued as U.S. 7,083,818 and any related applications or patents;

      iii. Information relating to prior art and Apio's knowledge thereof;

      iv. Information relating to Apio's decision to file suit against Mann;

      v. Financial and other information relating to Apio's claimed damages.

    d. <u>Additional Discovery Matters</u>:

The parties propose conducting discovery in two phases, with all factual discovery to be completed before the commencement of expert witness discovery.

Documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production. All copies shall be returned or destroyed by the receiving party.

9) <u>Complex Case</u>:

The parties do not believe that this case is complex or that any of the procedures of the Manual for Complex Litigation should be utilized.

10)   <u>Related Cases</u>:

The parties are unaware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11)   <u>Relief</u>:

APIO is seeking a permanent injunctions enjoining MANN from further acts of infringement of U.S. Patent No. 7,083,818; that MANN be required to deliver to APIO for destruction any and all vegetable trays in its possession, custody or control made using the method of U.S. Patent No. 7,083,818; damages to compensate APIO for the infringement, either in the form of lost profits or a reasonable royalty to be determined based on MANN's sales.

MANN is seeking declaratory judgment of noninfringement, invalidity and unenforceability of U.S. Patent No. 7,083,818.

Both parties are seeking attorney fees and costs.

12) <u>Settlement and ADR</u>:

The parties have filed a Stipulation and Proposed Order selecting the ADR process of mediation pursuant to ADR Local Rule 6. APIO and MANN have engaged in preliminary settlement discussions, but to date, have not been able to reach a mutually acceptable settlement. The commencement of discovery may assist in the parties settlement efforts.

13) <u>Consent to assignment of this case to a United States Magistrate Judge for trial</u>:

Neither of the named parties consents to assignment of this case to a United States Magistrate Judge for trial.

14) <u>Other References</u>:

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15) <u>Narrowing of Issues</u>:

At this point the parties are unaware of any issues that can be narrowed by agreement or by motion. The parties do not request bifurcation of issues, claims or defenses.

16) <u>Expedited Schedule</u>:

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

17) <u>Scheduling</u>:

The parties propose no dates that deviate from the local rules and feel that this discovery and pretrial proceedings can be done in an expeditions manner justifying trial prior to Fall of 2009. The following dates are merely suggestions to the Court based on the parties' best understanding of how the case is likely to develop. These dates are predicated upon all prior dates being substantially met and the Court's scheduling limitations and preferences.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| Disclosure of asserted claims and preliminary infringement contentions and materials identified in Patent L.R. 3-3 and 3-4 | March 14, 2008 |
| Disclosure of preliminary invalidity contentions and materials identified in Patent L.R. 3-3 and 3-4 | April 28, 2008 |
| Exchange of proposed terms for claim construction and last date for meet and confer under Patent L.R. 4-1 | May 8, 2008 |
| Exchange of preliminary claim constructions | May 28, 2008 |
| Last day to petition court if parties believe more than ten terms need to be construed | June 13, 2008 |
| Joint claim construction and prehearing statement | June 27, 2008 |
| Last day to amend pleadings | July 11, 2008 |
| Completion of claim construction discovery | July 25, 2008 |
| Apio's opening claim construction brief | Aug. 11, 2008 |
| Mann's responsive claim construction brief | Aug. 25, 2008 |
| Apio's reply claim construction brief | Sept. 1, 2008 |
| Claim construction hearing | Sept. 15, 2008 |
| Joint subsequent Case Management Statement | Nov. 19, 2008 |
| Subsequent Case Management Conference | Nov. 26, 2008 |
| Final infringement contentions | Nov. 26, 2008 |
| Final invalidity contentions | Dec. 16, 2008 |
| Mann's disclosure of reliance on advice of counsel (if any) and production of opinion (if disclosure chosen) | Dec. 16, 2008 |
| Fact discovery cut-off | Jan. 6, 2009 |

| | |
|---|---|
| Final date for motions to compel fact discovery | Jan. 13, 2009 |
| Willfulness discovery cut-off | Jan. 20, 2009 |
| Initial expert report deadline | Feb. 3, 2009 |
| Rebuttal expert report deadline | Feb. 17, 2009 |
| Expert discovery cut-off | March 6, 2009 |
| Motions to compel expert discovery | March 13, 2009 |
| Dispositive motion deadline | April 10, 2009 |
| Dispositive motion hearing | June 8, 2009 |
| Pretrial conference | July 17, 2009 |
| Trial | Aug. 10, 2009 |

18) <u>Trial</u>:

The parties presently estimate that a trial in this matter will require 5 to 7 days of court time. Both parties request a jury trial on all issues.

19) <u>Disclosure of Non-party Interested Entities or Persons</u>:

In addition to the named parties, interested parties include:

    a.    William Ramsey & Gloria Marlene Ramsey, Trustees of the William Ramsey & Gloria Marlene Ramsey Trust.

    b.    Richard Ramsey, Co-Trustee of the Richard W. Ramsey and Kimberly U. Ramsey Trust Agreement U/D/T October 31,1996, as the separate property of Richard W. Ramsey

    c.    Jeffery R. Ramsey, Trustee of the Jeffery R. Ramsey Trust U/D/T August 2, 1996

    d.    Carrie Fallon

    e.    Rebecca Sturvist

  f. Deborah Ann Nucci, Trustee of the Donald A. Nucci 1994 Insurance Trust dated March 11, 1994 f.b.o. Joseph Mathew Nucci

  g. Deborah Ann Nucci, Trustee of the Donald A. Nucci 1994 Insurance Trust dated March 11, 1994 f.b.o. Michael Anthony Nucci

  h. Joan E. Nucci, Trustee, Donald A. Nucci Administrative Trust

  i. Deborah A. Nucci, Trustee of the Joseph Matthew Nucci Trust dated 1/21/06

  j. Deborah A. Nucci, Trustee of the Michael Anthony Nucci Trust dated 1/21/06

  k. Deborah A. Nucci and Barbara Panis, Co-Trustees of the Exemption Trust created 7/7/05 of the 2001 Nucci revocable Trust U/D/T 08/29/01

  l. Lorraine Anne Koster

  m. Thomas John Koster and Lorraine Anne Koster, Trustees of the Koster Family Trust U/D/T 12/29/05 as the separate property of Lorraine Anne Koster

  n. Deanna M. Reyna

  o. Paul B. Reyna and Deanna M. Reyna, Trustees of the Reyna Family Trust U/D/T 9/24/04 as the separate property of Deanna M. Reyna

  p. Gina M. Nucci

  q. Gina M. Nucci, Trustee of the Gina Marie Nucci Trust, dated 10/11/06

  r. Landec Corporation

//

//

20) <u>Trial Counsel</u>:

At this time, the undersigned attorneys plan on trying this case on behalf of their respective clients.

February  22 , 2008

By: _____
    Jeffrey G. Sheldon

Attorneys for Plaintiff and Counterdefendant
APIO, INC.

February _____, 2008

By: _____
    Michael E. Crawford

Attorneys for Defendant and Counterplaintiff
Mann Packing Company, Inc.

20) <u>Trial Counsel:</u>

At this time, the undersigned attorneys plan on trying this case on behalf of their respective clients.

February 22, 2008

By: _____
Jeffrey G. Sheldon

Attorneys for Plaintiff and Counterdefendant
APIO, INC.

February 22, 2008

By: _____
Joseph S. Presta

Attorneys for Defendant and Counterplaintiff
MANN PACKING COMPANY, INC.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated:_____      _____
                             UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**
CCP §§ 1013, 1013a (New January 1, 2005)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was over 18 years of age and **not a party to this action**.

2. My business address is: 100 East Corson Street, Third Floor, Pasadena, CA 91103-3842.

3. On **February 22, 2008**, I served the following document(s):

   **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

   ☐ The documents are listed on Attachment "A."

4. I served the documents on the **persons** below, as follows:

   a. **Name** of person served:

   b. **Address** of person served:

   c. **Fax Number** or **e-mail address** of person served, if service was by fax or e-mail:

   d. Time of service, if personal service was used:

   ☐ The names, addresses, and other applicable information about the persons served is on Attachment "B."

5. The documents were served by the following means (specify):

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

   b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in Item 4 and (specify one):

   (1) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☐ **placed** the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

   c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in Item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐   **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in Item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐   **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in Item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐   **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in Item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

g. X   **By E-FILING.** The document will be E-Filed with the Court and a "Notification of E-Filing" will be e-mailed by the Court to all registered attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on **February 22, 2008** at Pasadena, California.

_____
Donald K. Piper

## DECLARATION OF MESSENGER

☐   **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on **February 22, 2008** at _____, California.

_____         _____
(Name of Declarant)                                                 (Signature of Declarant)

## ATTACHMENT "B" TO PROOF OF SERVICE

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served | Address (business or residential), Fax, or E-mail (as applicable) Where Served | Manner of Service |
|---|---|---|
| Virginia A. Crisp, Esq. | COBLENTZ, PATCH, DUFFY & BASS LLP<br>One Ferry Building, Suite 200<br>San Francisco, California 94111-4213<br>Fax: 415-989-1663 | ECF |
| Joseph S. Presta, Esq.<br>Michael E. Crawford, Esq. | NIXON & VANDERHYE P.C.<br>901 North Glebe Road<br>Arlington, Virginia 22203<br>Fax: 703-816-4100 | ECF |