Virginia A. Crisp (State Bar No. 121387)
ef-vac@cpdb.com
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415-391-4800
Facsimile: 415-989-1663

Joseph S. Presta (*Pro hac vice*)
jsp@nixonvan.com
Michael E. Crawford (*Pro hac vice*)
mec@nixonvan.com
NIXON & VANDERHYE P.C.
901 North Glebe Road
Arlington, Virginia 22203
Telephone: 703-816-4000
Facsimile: 703-816-4100

Attorneys for Defendant and Counterclaimant
MANN PACKING COMPANY, INC.,
a California corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| APIO, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MANN PACKING COMPANY, INC., a California corporation,<br><br>Defendant. | Case Number: 5:07-CV-5628-JF/PVT<br><br>**DEFENDANT MANN'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Date: June 17, 2008<br>Time: 10:00 a.m.<br>Dept.: Courtroom 5, 4th Fl.<br><br>Judge: Magistrate Patricia V. Trumbull<br><br>Trial Date: August 10, 2009 |
| AND RELATED COUNTERCLAIMS | |

**TO PLAINTIFF AND COUNTERDEFENDANT APIO, INC. AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 17, 2008 at 10:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled Court located at 280 S. First Street, Courtroom 5, San Jose, California 95113, Defendant and Counterclaimant Mann Packing Company, Inc. will and hereby does move for a Protective Order.

This Motion will be and is hereby based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities in support thereof; the Declaration of Michael E. Crawford; all accompanying exhibits, pleadings and papers in the Court's file; any matters properly the subject of judicial notice; all matters and arguments submitted at the hearing; and any other matters that the Court may properly choose to consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Defendant Mann Packing Company, Inc. ("Mann") and Plaintiff Apio, Inc. ("Apio") have agreed on the particulars of a proposed Protective Order governing discovery in this case, with one major exception: Mann believes that its highly confidential technical information will not be adequately protected unless the attorneys representing Apio in the litigation who receive access to such information are precluded from prosecuting Apio patent applications on the same or similar subject matter. In order to protect its highly confidential technical information, Mann submits that the Court should include a "prosecution bar" in the Protective Order that prevents individuals who receive confidential information from being substantively involved in the prosecution of patent applications relating to the same technology for at least twelve (12) months after final resolution of the case. Apio will not agree to Mann's proposed prosecution bar, stating as its reason that it is "impractical for our small firm."[1]

---

[1] April 2, 2008 e-mail from Marc Karish to Michael E. Crawford [Exhibit 2], and Crawford Decl, ¶ 2 [Exhibit 1].

13247.001.867757v1                              2                        Case No. 5:07-CV-5628-JF/PVT

**DEFENDANT MANN'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

#1334592

On April 18, 2008, counsel for Mann, Michael E. Crawford, and counsel for Apio, Marc Karish, conferred by phone in a good-faith effort to resolve their differences. Counsel agreed to all provisions in a draft protective order, except the prosecution bar set forth in paragraph 17. In order for discovery to proceed on schedule, Mann requests the Court enter the attached proposed Protective Order, including paragraph 17, for the reasons below.

## II.  Argument

### A.  *The controlling legal authority*

When good cause is shown, FED.R.CIV.P. 26(c) authorizes district courts to issue orders protecting parties from "undue burden and expense" by directing "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."[2]  The courts have long recognized that confidential and proprietary technical information in patent cases is entitled to significant protection due to the potential for severe economic injury to the disclosing party if the information is misused by a competitor. Thus, "[c]ourts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information."[3]

### B.  *Mann has good cause under Rule 26 for requesting a prosecution bar in this case*

In the present case, a prosecution bar along the lines of proposed paragraph 17 will benefit *both* parties because outside counsel for Mann and Apio perform dual roles as litigation and patent prosecution counsel. Both parties have filed and prosecuted patent applications before the U.S. Patent and Trademark Office concerning the *same* general type of party trays at issue in the litigation. Apio is a direct competitor and has accused Mann of infringing the '818 patent-in-suit, which describes and claims a particular type of party tray for foodstuffs, typically cut-up

---

[2] FED.R.CIV.P. 26(c)(7), and see *Mikohn Gaming Corp. v Acres Gaming Corp.*, 50 USPQ2d 1783, 1784 (D. Nev. 1998) [Exhibit 3], and Crawford Decl., ¶ 3 [Exhibit 1].

[3] *Motorola, Inc. v Interdigital Technology Corp.*, 1994 U.S. Dist. Lexis 20714 at *6 (D. Del. Dec., 19, 1994) [Exhibit 4], quoting *Safe Flight Instrument Corp. v Sundstrand Data Control, Inc.*, 682 F. Supp. 20 (D. Del. 1988). See also Crawford Decl., ¶ 4 [Exhibit 1].

13247.001.867757v1                             3                        Case No. 5:07-CV-5628-JF/PVT

**DEFENDANT MANN'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

#1334592

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800  .  FAX 415.989.1663

vegetables and dip.  Apio's competitiveness within this industry is well-known, as manifested by its efforts to enforce its intellectual property against competitors.

As a general proposition, when opposing counsel has access to highly confidential technical information of another party, the potential for misuse of that information becomes high (perhaps inevitable) when the same attorneys assume the role of patent prosecutor.  Even with the best of intentions, the crux of the problem "is not deliberate disclosure, however, but inadvertent disclosure."[4]  The Federal Circuit has consistently found the risk of inadvertent disclosure to be unacceptable: "Even if the competitor's counsel acted in the best of faith and in accordance with the highest ethical standards, the question remains whether access to the moving party's confidential information would create 'an unacceptable opportunity for inadvertent disclosure.' "[5]

In opposing the addition of paragraph 17 to the Protective Order, Apio contends that the individuals who serve as patent prosecutors should be permitted to view Mann's highly confidential technical information so long as the Protective Order states that use of the information will be "limited to the litigation."[6]  With all due respect, Apio's contention is impractical, ripe with potential abuse, and unworkable in this case.  It simply is not realistic to assume that an attorney who zealously represents the patent owner's interests in an ongoing litigation can mentally compartmentalize the knowledge gained from the litigation such that he or she automatically refrains from utilizing that knowledge when drafting or amending patent claim terms or making arguments before the PTO.  The danger of co-mingling (even inadvertently) highly confidential information provided by another party is even greater where, as here, counsel for Apio currently prosecute applications in the PTO that are *directly related* to the subject matter to the patent-in-suit.  Indeed, as presently advised, Apio has no less than *three* additional patent

---

[4] *Motorola, supra,* at *14 [Exhibit 4].

[5] *Mikohn Gaming, supra* at 1784, quoting *U.S. Steel Corp. v United States*, 730 F.2d 1465, 1468 (Fed.Cir. 1984).

[6] April 2, 2008 e-mail from Marc Karish to Michael E. Crawford [Exhibit 2], and Crawford Decl, ¶ 2 [Exhibit 1].

applications pending in the patent Office that rely on the exact *same* invention disclosure as the patent-in-suit.[7]

Clearly, the practice of allowing trial counsel to have access to an opponent's highly confidential information while prosecuting applications, particularly applications in the same "patent family" with identical specifications as the '818 patent, raises very serious concerns that can only be eliminated by precluding counsel from engaging in both activities. When patent trial counsel learn about highly confidential technical information from a defendant, the temptation exists to fashion claims in pending applications that "read on" known existing (or future) products in order to increase the scope and value of any later-issued patents.[8] Similar concerns exist when a named defendant has access to the highly confidential, non-public patent prosecution files of a plaintiff. Again, the temptation exists to advise a defendant client to "design around" pending claims in order to avoid a future infringement issue, or to use that information to achieve a competitive advantage in the market once a patent issues.

Patent attorneys cannot be expected to "mentally compartmentalize" the information they receive during the course of litigation such that the information never impacts the attorney's actions in pending prosecution matters. Invariably, district courts who confront the same concerns recognize that once such knowledge is gained, trial counsel cannot "un-ring" the bell. In reality, mental compartmentalization becomes a "sisyphean task . . . the level of introspection that would be required is simply too much to expect, no matter how intelligent, dedicated, or ethical the attorneys may be."[9]

---

[7] See Crawford, Decl., ¶¶ 5-7 [Exhibit 1], and the application publications attached as Exhibits 5-7.

[8] Both of these hypothetical situations create an inevitable conflict between an attorneys' obligation to represent his/her client zealously within the bounds of the law (when prosecuting patent applications) and the attorney's express obligation to comply in full with the terms and conditions of an in-place Protective Order. Separating those obligations will avoid any potential conflict.

[9] *Motorola, supra,* at *14-15 [Exhibit 4]; quoted in *Mikohn Gaming, supra,* at 1786 [Exhibit 3].

The risk and potential prejudice to Mann caused by the lack of a prosecution bar is greater than the inconvenience to Apio of simply assigning another attorney having nothing to do with the litigation to prosecute patents for Apio during the prosecution bar period.  Allowing patent prosecutors to view a direct competitor's highly confidential technological information on the same subject matter is an open invitation for misuse.  It does not matter whether the misuse is deliberate or inadvertent because the result would be the same:  the disclosing party could be severely prejudiced by being placed at a distinct and unfair competitive disadvantage both during and after the litigation.

The facts in this case justify imposing a prosecution bar for another compelling reason.  One of the main issues in this case is whether Apio's patent counsel engaged in inequitable conduct during the prosecution of the '818 patent-in-suit by failing to comply with its "uncompromising duty of candor" under PTO Rule 56 and advise the Patent Office of certain material prior art.  Mann's counsel is unaware of any case including an affirmative defense of inequitable conduct during the prosecution of the patent-in-suit where the court allowed the attorney who prosecuted that patent to access the opposing party's highly confidential technological information when that attorney had the dual roles of outside litigation counsel *and* patent prosecution counsel for a direct competitor.

///
///
///
///
///
///
///
///
///

### III. Conclusion

Because both parties have agreed to all of the provisions in the attached proposed Protective Order (with the exception of a prosecution bar), and because a prosecution bar would protect both parties from the undue burden and expense of disclosure of their confidential research, development, and commercial information, this Court should grant this motion and enter the proposed Protective Order submitted herewith.

Respectfully submitted,

May 7, 2008

**MANN PACKING COMPANY, INC.**
by its attorneys

O/S by

_____

Joseph S. Presta, Va. Bar No. 29645
Michael E. Crawford, Va. Bar No. 39566
NIXON & VANDERHYE P.C.
901 North Glebe Road
Arlington, VA 22203
703-816-4000 (main)
703-816-4100 (facsimile)

Virginia A. Crisp, Cal. Bar No. 121387
COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200
San Francisco, CA 94111-4213
415-391-4800 (main)
415-989-1663 (facsimile)