| | |
|---|---|
| **From:** | "Marc Karish" <mkarish@usip.com> |
| **To:** | "Michael Crawford" <MEC@nixonvan.com> |
| **Date:** | 4/2/2008 7:04 PM |
| **Subject:** | Apio v. Mann; SMRA No. 18171.21; Draft Protective Order |
| **CC:** | "Jeff Sheldon" <jgsheldon@usip.com> |

Dear Michael:

    Thank you for your revised Protective Order. I made changes to the document for the reasons explained below. Attached is a redline version and a version with the changes accepted.

    With regard to the first section: I cut that language and reinserted the original paragraphs explaining the types of documents that are likely to be produced and the reasons for the Protective Order. This language is included because we have had proposed Protective Orders kicked by a Court because the parties failed to justify a need for one.

    With regard to Section 4.2: I clarified that documents must be designated at the time they are produced. I also clarified that the time for designating specific portions of deposition testimony should run from the time of receipt of the transcript, rather than the date of the deposition, to avoid problems created by court reporter delays.

    With regard to Section 6.4: I reinserted the attorney-client privilege claw back provision.

    With regard to Section 7.2: . I reverted the procedure for challenging confidentiality designations to require the person designating the material to file a Protective Order. This prevents parties from over designating and conceding after the requesting party has expended significant time, effort and money in preparing motion papers. Moreover, it keeps the burden where the Federal Rules typically place it, on the party attempting to avoid disclosure.

    With regard to Sections 8.2 and 8.3, I removed the requirement that staff of outside counsel sign the Confidentiality Agreement, because it is unduly burdensome. Additionally, I removed paragraph 8.2(f) and reinserted the section about witness depositions as section 8.4. Your deposition language in 8.2 leaves open the possibility nondesignating party witnesses can view documents of the designating party. I think that the inserted paragraph 8.4 is clearer. I also inserted language allowing the mediator to view highly confidential documents as section 8.2(f).

With regard to Section 15: I have reinserted the section from the original Protective Order regarding prior Orders. This is to clarify that any dispute over witnesses viewing confidential documents does not alter the deadline opposed by the Court.

    Finally, I have removed the section on a prosecution bar. This is impractical for our small firm. The remainder of the Protective Order, including Section 8, makes clear that any use of confidential information is limited to the litigation.

                                                                                 EXHIBIT 2

    I look forward to receiving your comments and to getting this Protective Order finalized and filed with the Court.

Marc Karish
Attorney
Sheldon Mak Rose & Anderson
This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately via e-mail at mkarish@usip.com or by telephone at (626) 796-4000. Thank you.

<<Marc Karish.vcf>> <<Protective Order SMRA 040208.DOC>> <<Protective Order SMRA 040208 redline.DOC>>