Jeffrey G. Sheldon (State Bar No. 67516)
Marc A. Karish (State Bar No. 205440)
SHELDON MAK ROSE & ANDERSON PC
100 East Corson Street, Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321
E-Mail: mkarish@usip.com

Attorneys for Plaintiff and Counterdefendant
APIO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APIO, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>MANN PACKING COMPANY, INC., a California corporation; and DOES 1 – 10, inclusive,<br><br>  Defendants.<br><hr>MANN PACKING COMPANY, INC., a California corporation,<br><br>  Counterclaimant,<br><br>  vs.<br><br>APIO, INC., a Delaware corporation,<br><br>  Counterdefendant. | Case No. CV 07-5628 PVT<br><br>**Oral Hearing Requested**<br><br>**PLAINTIFF APIO, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER** |

//
//
//

## I. INTRODUCTION

This may appear to be a simple motion for a protective order by Defendant Mann Packing Company, Inc. ("Mann"); however, it is not. What Defendant is attempting to do under the guise of a "prosecution bar" is to greatly prejudice plaintiff Apio, Inc. ("Apio") in this action by disqualifying Apio's counsel. If Defendant's protective order with a prosecution bar is entered, Apio either must replace its litigation team, or give up the patent prosecution counsel its parent has used for over 15 years, and which Apio itself has used for over 8 years.

Mann has failed to meet its burden of showing "good cause" for a prosecution bar and has identified no actual harm to Mann in the absence of such a bar. Contrarily, Apio will suffer significant harm if there is a prosecution bar. Thus Mann's motion should be denied, and the protective order containing agreed upon terms, which include everything but the prosecution bar, should be entered.

## II. FACTS

Counsel for the parties traded proposed drafts of a stipulated protective order intended to protect the parties' confidential information. The draft protective order went through multiple iterations and the parties have agreed to all of the text in the protective order with one exception. Declaration of Jeffrey G. Sheldon, paragraph 2 (hereinafter cited "Sheldon Decl., ¶__"). Apio's proposed protective order is attached hereto and lodged herewith.

Mann proposed inclusion of an additional paragraph at the end of the Protective Order constituting a prosecution bar stating:

> Any person who receives any document containing technical information designated as Highly Confidential shall not prosecute nor prepare any patent application, including reexaminations on behalf of any party to this action relating to the disclosed technology from the time of receipt of such information through and including one year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action. In addition, any

person subject to the prosecution bar of this paragraph shall not have any substantive involvement in the prosecution of any such applications filed (or claiming priority from any such application filed) less than one year after the entry of a final non-appealable judgment or order, or the complete settlement of all claims against all parties in this action.

Such a prosecution bar is unworkable for Apio's litigation counsel, Sheldon Mak Rose & Anderson ("SMRA"). Sheldon Decl., ¶ 3. SMRA is a small firm with 17 lawyers, only 12 of whom prosecute patents. Sheldon Decl., ¶ 4.

For over 15 years, Jeffrey Sheldon of SMRA has represented Apio's parent company, Landec, Inc., in obtaining U.S. and foreign patent protection. Sheldon Decl., ¶ 5. Landec, Inc. technology includes breathable membranes that are usable in food packaging and may be used, for example, as an "atmosphere control member" in the patented method that is the subject of this lawsuit. Sheldon Decl., ¶ 6. Jeffrey Sheldon has helped Landec, Inc. obtain over 20 U.S. patents. Sheldon Decl., ¶ 7.

Of utmost importance, SMRA has no involvement in pricing, sales or design and development of Landec, Inc. products. Sheldon Decl., ¶ 8.

For over 8 years, Jeffrey Sheldon of SMRA has represented Apio in obtaining U.S. and foreign patent protection. Sheldon Decl., ¶ 9. Apio became a wholly owned subsidiary of Landec, Inc. after SMRA began representing Apio. Sheldon Decl., ¶ 10. Jeffrey Sheldon prosecuted the patent in suit, U.S. Patent No. 7,083,818 ("the '818 Patent"). Declaration of Ron Midyett, paragraph 2 (hereinafter cited "Midyett Decl., ¶ ___"). Jeffrey Sheldon filed and is currently prosecuting a continuation application and two divisional applications of the '818 Patent, and Notices of Appeal have recently been filed in all three applications. Midyett Decl., ¶ 3. SMRA has no involvement in pricing, sales or design and development of Apio products. Midyett Decl., ¶ 4.

A prosecution bar for litigating attorneys at SMRA would force Apio to engage either new prosecution counsel or new litigation counsel at great expense and substantial prejudice. Midyett Decl., ¶ 5. It would be very expensive and time consuming to bring new litigation counsel up to speed on the lawsuit itself, as well as the underlying patent, file history, references and technology. Midyett Decl., ¶ 6. Likewise, it would be very expensive and time consuming to bring new prosecution counsel up to speed on the years of related prosecution history, the voluminous cited references and the technology. Midyett Decl., ¶ 7. Similar expenditures of time and money would be needed whether another firm is required for patent prosecution or the present litigation, or whether another attorney at SMRA is required to take over the litigation or the prosecution. Midyett Decl., ¶ 8.

Much of Apio's patent drafting and prosecution is done by a patent agent, Tim Richardson, who is not employed by SMRA. Sheldon Decl., ¶ 11. The protective order, without Mann's requested prosecution bar, already prevents Mr. Richardson from viewing any confidential documents of Mann. Sheldon Decl. ¶ 12.

Apio specifically selected Jeffrey Sheldon of SMRA to be its litigation counsel to take advantage of the efficiencies of his already being intimately familiar with Apio's patents and technology. Midyett Decl., ¶ 9. Jeffrey Sheldon and Marc Karish of SMRA have backgrounds that are particularly suited to both Apio's patent prosecution and the present litigation. Sheldon Decl., ¶ 13 and Exhibits A and B thereto.

Mann has already responded to Apio's first set of requests for production of documents and Apio's first set of interrogatories. Sheldon Decl., ¶ 14. Mann has not identified any confidential information sought in Apio's discovery requests that have any bearing on Apio's patent prosecution. Sheldon Decl., ¶ 15.

As a consequence of all of the foregoing, Apio now asks the Court to enter the proposed Protective Order attached hereto, which is the same as the one submitted by Mann, but without the prosecution bar.

## II. THE COURT SHOULD NOT IMPOSE A PROSECUTION BAR ON LITIGATION COUNSEL

### A. LAW GOVERNING ENTRY OF PROSECUTION BARS

Protective orders are governed by Fed.R.Civ.Pro. 26(c)(1) which states that "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . designating the persons who may be present while the discovery is conducted." The party moving for the protective order must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)(broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test")(internal quotes omitted).

"The policy underlying a restriction on counsel's access to confidential materials is the concern that counsel might inadvertently disclose the confidential material learned during the course of the litigation." *MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762, 773 (D. Md. 2003). To determine whether counsel should be denied access to confidential information, the courts look to whether the counsel is a "competitive decision-maker." *Id.*

An attorney who prosecutes patents is not automatically considered a competitive decision maker and there is no per se bar against prosecution counsel serving as litigation counsel. *In re Sibia Neurosciences, Inc.*, 132 F.3d 50, 1997 WL 688174 *1 (Fed. Cir. 1997) (refusing to overturn District Court's denial of prosecution bar, when litigation counsel was not involved in competitive decision

making)[1]; *Avocent Redmond Corp. v. Rose Electronics, Inc.*, 242 F.R.D. 574, 578-579 (W.D. Wash. 2007) (rejecting argument that patent prosecution activities are "competitive decisionmaking" activities and denying request for patent prosecution bar for litigation counsel). Absent involvement by a prosecuting litigator in pricing, marketing, product design, or similar activities no prosecution bar should apply. *Id.*; *Trading Techs. Int'l Inc. v. Espeed, Inc.* 2004 WL 2534389 *1 (N.D. Ill. 2004) (denying prosecution bar where litigation counsel was not involved in "pricing, marketing, product design or the like"); *MedImmune, Inc.* at 774.

The courts also consider and balance the hardships and risks to each party of granting or denying a prosecution bar. *MedImmune, Inc.* at 774; *Photoprotective Technologies, Inc. v. Insight Equity A.P. X, LP*, 2007 WL 2461819 *1, 2 (W.D.Tex. 2007) (denying prosecution bar when attorney had prosecuted patents on behalf of the client for over 18 years and requesting party presented no evidence concerning counsel's advice and participation in any or all of the client's decisions such as regarding pricing and product design).

### B.     ARGUMENT

1) <u>Mann's Arguments About Inadvertent Disclosure Are Speculative And Should Be Disregarded</u>

Mann has failed to meet its burden of showing a specific need for a prosecution bar, and its motion should be denied. Despite being served with Apio's First Set of Requests for Production and Apio's First Set of Interrogatories, Mann fails to provide a single example justifying the need for a prosecution bar. Indeed, there is no credible threat to Mann by virtue of Apio's litigation counsel

---

[1] This is an unpublished decision. However, Mann has also cited an unpublished decision in its brief.

continuing to draft patent applications for Apio relating to the subject matter of the lawsuit. None of the Requests for Production or Interrogatories involve future designs or unpublished patent applications.

Rather than provide any evidence of potential harm, Mann simply argues for the proposition that all litigation counsel should be subject to prosecution bars. In its brief, Mann goes so far as to say "[t]he Federal Circuit has consistently found the risk of inadvertent disclosure to be unacceptable." This is not true, which is why Mann fails to cite any Federal Circuit law in support. Mann's argument was explicitly rejected in *MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762, 773 (D. Md. 2003) ("To adopt the Universities' position would inexorably lead to the conclusion that no attorney, whether in-house or retained, could prosecute patents for a client while still working as litigation counsel for that client. Such a result would run contrary to Federal Circuit Law.").

In *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984) the Federal Circuit stated "[d]enial or grant of access, however, cannot rest on a general assumption that one group of lawyers are more likely or less likely inadvertently to breach their duty under a protective order." In *In re Sibia Neurosciences, Inc.*, the Federal Circuit stated "[d]enying access to Cadus's outside counsel on the ground that they also prosecute patents for Cadus is the type of generalization counseled against in *U.S. Steel*."[2]

Mann takes great pains to point out that Apio' litigation counsel is currently prosecuting three applications that are directly related to the subject matter of the patent in suit. This is a red herring. All of the pending applications are based solely on the specification filed back in August of <u>2002,</u> over 5 years prior to the filing of this lawsuit. It is hard to imagine how any discovery obtained by Apio in

---

[2] 132 F.3d 50, 1997 WL 688174 *1, 3 (Fed. Cir. 1997).

this lawsuit can possibly impact the three pending applications given that they are already constrained by the disclosures filed far before this lawsuit.

Mann has simply failed to provide any evidence of likely harm and its requested prosecution bar should be denied on this basis alone.

2) <u>Apio's Litigation Counsel Is Not A Competitive Decision-Maker And The Risk Of Inadvertent Disclosure Is Low</u>

Apio's litigation counsel is not involved in pricing, marketing, product design or product development. To the extent Apio's litigation counsel interact with executives and other Apio decision makers, that is not relevant to the determination of whether Apio's litigation counsel is a competitive decision-maker. *See, Photoprotective Technologies, Inc.* at *2 ("'Competitive decisionmaking' involves more than an attorney's 'regular contact' with his client's corporate officials who make 'policy', or even competitive decisions, but 'advice and participation' in 'competitive decisionmaking.'")[3]

The remainder of the parties' proposed protective order prohibits the parties from misusing any confidential information. The proposed protective order states "A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation."

Thus, Apio's litigation counsel is barred from improper usage of Mann's confidential information, and because Apio's litigation counsel is not a competitive decision-maker, the risk of inadvertent disclosure is low.

---

[3] citing *Matsushita Elec. Indus. Co. v. United States*, 929 F.2d 1577, 1580 (Fed. Cir. 1991).

### 3) In Contrast to Mann's Speculative Concerns, Apio Will Be Severely Prejudiced By A Prosecution Bar To Apio's Litigation Counsel

Lead litigation counsel, Jeffrey Sheldon of SMRA, has been representing Apio and its parent company, Landec, Inc., in patent prosecution matters for over 15 years. This is not a situation where prosecution matters were transferred to litigation counsel after the start of litigation, or where prosecution counsel plays a minor role in the litigation and can be easily be replaced. Apio specifically selected Jeffrey Sheldon to be its litigation counsel because of the efficiencies of his already being intimately familiar with Apio's patents and technology.

SMRA is a small firm of 17 lawyers, only 12 of whom prosecute patent applications. Unfortunately, SMRA does not have the capacity to simply assign Apio's prosecution work to a subset of attorneys isolated from the litigating attorneys. If the court enters a prosecution bar for litigating attorneys at SMRA, then Apio will have to engage either new prosecution counsel or new litigation counsel. Such an undertaking will cost Apio a great deal of time and money to educate new counsel and get the new counsel up to speed on Apio's patents and technology.

Apio should not be forced to incur the significant prejudice entailed in engaging new counsel in view of the purely speculative risks presented by Mann.

### 4) Mann's Cited Cases Are Easily Distinguishable From The Present Case And Should Be Disregarded

Mann relies solely on two cases, *Motorola, Inc. v. Interdigital Technology Corp.*, 1994 U.S. Dist. Lexis 20714 (D. Del. 1994) and *Mikohn Gaming Corp. v. Acres Gaming Corp.*, 50 USPQ2d 1783, 1784 (D. Nev. 1998). Both are clearly distinguishable.

*Motorola* is an unpublished decision from the District of Delaware in which the court asserted that a prosecution bar would cause little hardship to the

defendant. The court was bothered that the litigation counsel did not become the attorneys of record for the defendant's patents until one week after the filing of the lawsuit. The court noted that it was "not a situation where a client decided that it would be efficient to retain trial counsel who had prosecuted the particular patent in the past."

However, the present situation is the opposite. Apio specifically selected SMRA as its litigation counsel because it had prosecuted the patent in suit as well as Apio's other patents for many years prior to the present litigation. In contrast to the defendant in *Motorola*, the harm to Apio of a prosecution bar would be substantial.

In *Mikohn Gaming*, the Court held that the litigation attorney at issue was involved in product design, and that he therefore would pose an unreasonable risk of disclosure should he view the other side's confidential documents. In contrast, no SMRA attorneys are involved in pricing, marketing, product design or product development. Accordingly, the disclosure concerns of *Mikohn Gaming* are not present here.

The present situation is more similar to that in previously cited *Photoprotective Technologies, Inc. v. Insight Equity A.P. X, LP*, 2007 WL 2461819 *1, 2 (W.D.Tex. 2007). In *Photoprotective Technologies*, the Court denied a prosecution bar when the litigating attorney at issue had prosecuted patents on behalf of the client for over 18 years and the requesting party presented no evidence about whether the litigating attorney was a competitive decision-maker. Here, SMRA has prosecuted patents on behalf of Apio for over 8 years, and its parent company, Landec, Inc., for over 15 years and Mann has failed to present any evidence that attorneys from SMRA are competitive decision-makers.

//

//

## CONCLUSION

For all of the foregoing reasons, the Court should enter the Protective Order proposed by Apio in connection with the instant action.

Dated: May 27, 2008

Respectfully submitted,

SHELDON MAK ROSE & ANDERSON PC

By: _____
Jeffrey G. Sheldon
Marc A. Karish

Attorneys for Plaintiff and Counterdefendant
APIO, INC.

**PROOF OF SERVICE**
CCP §§ 1013, 1013a (New January 1, 2005)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was over 18 years of age and **not a party to this action**.

2. My business address is: 100 Corson Street, Third Floor, Pasadena, CA 91103-3842.

3. On **May 27, 2008**, I served the following document(s):

   **PLAINTIFF APIO, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER; PROPOSED PROTECTIVE ORDER**

   ☐ The documents are listed on Attachment "A."

4. I served the documents on the **persons** below, as follows:

   a. **Name** of person served:

   b. **Address** of person served:

   c. **Fax Number** or **e-mail address** of person served, if service was by fax or e-mail:

   d. Time of service, if personal service was used:

   X The names, addresses, and other applicable information about the persons served is on Attachment "B."

5. The documents were served by the following means (specify):

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

   b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in Item 4 and (specify one):

   (1) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☐ **placed** the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

   c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in Item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in Item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in Item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. **X** **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in Item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

g. **X** **By E-FILING.** The document will be E-Filed with the Court and a "Notification of E-Filing" will be e-mailed by the Court to all registered attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on **May 27, 2008** at Pasadena, California.

*[signature]*
Donald K. Piper

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date): _____

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on **May 27, 2008** at _____, California.

_____        _____
(Name of Declarant)                                (Signature of Declarant)

## ATTACHMENT "B" TO PROOF OF SERVICE

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served | Address (business or residential), Fax, or E-mail (as applicable) Where Served | Manner of Service |
|---|---|---|
| Virginia A. Crisp, Esq. | COBLENTZ, PATCH, DUFFY & BASS LLP<br>One Ferry Building, Suite 200<br>San Francisco, California 94111-4213<br>Fax: 415-989-1663<br>Email: ef-vac@cpdb.com | Email & ECF |
| Joseph S. Presta, Esq.<br>Michael E. Crawford, Esq. | NIXON & VANDERHYE P.C.<br>901 North Glebe Road<br>Arlington, Virginia 22203<br>Fax: 703-816-4100<br>Email: jsp@nixonvan.com;<br>mec@nixonvan.com | Email & ECF |