Jeffrey G. Sheldon (State Bar No. 67516)
jgsheldon@usip.com
Marc A. Karish (State Bar No. 205440)
mkarish@usip.com
SHELDON MAK ROSE & ANDERSON PC
100 Corson Street, Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321

Attorneys for Plaintiff and Counterdefendant
APIO, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| APIO, INC., a Delaware corporation, | Case No. 5:07-CV-5628-JF/PVT |
| Plaintiff, | |
| vs. | **[PROPOSED] PROTECTIVE ORDER** |
| MANN PACKING COMPANY, INC., a California corporation; and DOES 1 – 10, inclusive, | Date: June 17, 2008<br>Time: 10:00 a.m.<br>Dept.: Courtroom 5, 4th Fl. |
| Defendants. | Judge: Magistrate Patricia V. Trumbull |
| AND RELATED COUNTERCLAIMS | |

## 1   Purposes and limitations

The purpose of this Protective Order is to provide a means for limiting access to, and use and disclosure of, Confidential or Highly Confidential information that is produced in this action. Any unauthorized disclosure of Confidential or Highly Confidential information in violation of this Order may be subject to discipline by the contempt powers of this Court.

## 2   Information and Documents to be Provided and Produced Under this Protective Order

Both Parties will serve extensive discovery requests in this action and request at least one deposition of a representative of the other party. Due to the claims alleged by the Plaintiff in its Complaint, and the Defendant in its Counterclaim, discovery in this case will involve the production of sensitive and confidential materials of both Parties. Specifically, the types of information and documents which may be produced in this action includes: (1) details on the design and development strategies and considerations undertaken by the Parties; (2) customer lists; (3) information related to vendors and supplies used by the Parties; (4) research and development materials; (5) details related to the Parties' sale of products; (6) the price points at which various products of the Parties is sold; (7) the revenue generated from the sale of specific designs and/or products; and (13) possibly "trade secrets" as that term is defined in California Civil Code section 3426.1.

## 3   Good Cause Statement

Good cause exists for the entry of a protective order in this case. Specifically, in the course of discovery, both Parties are obliged to provide responses to interrogatories and produce documents in response to document requests that contain confidential information that the Parties do not ordinarily make available to the

public. Public disclosure of the information and documents as detailed in section II herein, would cause the respective parties significant prejudice.

Specifically, the public disclosure of the type of information and documents detailed above would greatly impact each Party's competitive position in the marketplace by making certain confidential information known to the Party's competitors. Significantly, the public disclosure and dissemination of designs, advertising and marketing strategies, customer lists and the selection and adoption criteria by which the Parties make strategic decisions related to product designs would expose to the public aspects of the Parties respective operations that the Parties have invested significant resources on developing and keeping confidential. The Parties understand and agree that the public disclosure of this type of information and documents would cause irreparable harm. Therefore, and based on the above reasoning, there exists good cause for the entry of a protective order in this particular case.

**4      Definitions**

**4.1     Party:** all parties to this action and anyone else acting upon their behalf or at their direction or control, including, but not limited to, their officers, directors, employees, consultants, retained experts, as well as Counsel and their support staff.

**4.2     Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, but not limited to, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery.

**4.3     Confidential:** designation indicating information or items (regardless of how generated, stored or maintained) that qualify for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure.

**4.4** **Highly Confidential:** designation indicating extremely sensitive Confidential information whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

**4.5** **Receiving Party:** a Party that receives Discovery Material from a Producing Party.

**4.6** **Producing Party:** a Party or non-party that produces Discovery Material in this action.

**4.7** **Designating Party:** a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as Confidential or Highly Confidential.

**4.8** **Protected Material:** any Discovery Material that is designated as Confidential or as Highly Confidential.

**4.9** **Outside Counsel:** attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**4.10** **Qualified Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. In addition, a Qualified Expert must meet the requirements set forth in Section 7 below. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**4.11** **Professional Vendors:** persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and subcontractors.

//

## 5 Scope

The protections conferred by this Stipulation and Order cover not only Protected Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 6 Designating Protected Material

**6.1 Exercise of restraint and care in designating material for protection:** Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions. No party will indiscriminately or unreasonably stamp or maintain documents as Confidential or Highly Confidential, and in no event will publicly available documents such as publications, patents, or file histories be stamped Confidential or Highly Confidential.

This Protective Order shall not apply to information which (a) is public knowledge, (b) is acquired in good faith and without subpoena from a third party having a right to disclose such information, (c) was or is discovered independently by the receiving party, or (d) is possessed by the receiving party prior to this action,

unless that information was obtained under circumstances requiring the receiving party to treat it as confidential.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**6.2    Manner and timing of designations:** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced. Designation in conformity with this Order requires:

(a) For information in document form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend Confidential or Highly Confidential at the top of each page that contains protected material. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend (Confidential or Highly Confidential) at the top of each page that contains Protected Material.

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as Confidential or Highly Confidential. When it is impractical to identify separately

1 each portion of testimony that is entitled to protection, and when it appears that
2 substantial portions of the testimony may qualify for protection, the Party or non-
3 party that sponsors, offers, or gives the testimony may invoke on the record (before
4 the deposition or proceeding is concluded) a right to have up to 14 days after receipt
5 of the transcript to identify the specific portions of the testimony as to which
6 protection is sought and to specify the level of protection being asserted (Confidential
7 or Highly Confidential). Only those portions of the testimony that are appropriately
8 designated for protection within the 14 days shall be covered by the provisions of this
9 Protective Order.

10       The classification as Confidential or Highly Confidential information of any
11 deposition testimony or exhibits after the conclusion of the deposition shall be made
12 in writing to the reporter, with copies to all other counsel, identifying the portion(s) of
13 the transcript and/or exhibits that contain confidential information and directing the
14 reporter to mark such portion(s) of the transcript and/or exhibits accordingly. All
15 deposition transcripts and exhibits to such transcripts shall be treated as Highly
16 Confidential for 14 days after the receipt of the transcript to allow for designations per
17 this Section.

18       Transcript pages containing Protected Material must be separately bound by the
19 court reporter, who must affix to the top of each such page the legend Confidential or
20 Highly Confidential, as instructed by the Party or non-party offering or sponsoring the
21 witness or presenting the testimony.

22       (c) For information produced in non-document form, and for any other tangible
23 items, that the Producing Party affix in a prominent place on the exterior of the
24 container or containers in which the information or item is stored the legend
25 Confidential or Highly Confidential. If only portions of the information or item
26 warrant protection, the Producing Party, to the extent practicable, shall identify the
27 protected portions, specifying whether they qualify as Confidential or as Highly
28 Confidential.

**6.3   Inadvertent failure to designate:** If timely corrected, an inadvertent failure to designate qualified information or items as Confidential or Highly Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately re-designated as Confidential or Highly Confidential after the material was initially produced, the Receiving Party, on timely written notification of the incorrect designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including stamping each page Confidential or Highly Confidential as designated. Failure of counsel to designate or mark any document, thing, or testimony as Confidential or Highly Confidential as provided above shall not preclude the disclosing party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents and things so designated. The receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

**6.4   No Waiver of Attorney Client Privilege or Work Product Immunity By Inadvertent Production**

Documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production. All copies shall be returned or destroyed by the receiving party.

**7   Challenging confidentiality designations**

**7.1   Timing of challenges:** Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**7.2   Procedure**

7

STIPULATED PROTECTIVE ORDER

If either Party, at any time, wishes to have the "Confidential" or "Highly Confidential" designation of any particular Confidential Documents or Information removed or changed, that Party shall first request in writing that the Party having made the designation at issue change its designation. Thereafter, the Parties shall confer to make a good faith effort to resolve the dispute. If the designating Party refuses to agree to remove or change the designation, then the designating Party may make a motion before this Court for a protective order. If the designating party does not file a motion for a protective order within five (5) business days of conferring then the designation shall be deemed to be withdrawn. In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as "Confidential" or "Highly Confidential" shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted. Furthermore, any disputed relating to this Protective Order, or any Parties designation pursuant to paragraph V herein, must be done pursuant to Local Rule 37. At all times during the process of challenging a designation, the Parties shall treat the Confidential Documents or Information as originally designated until a change is agreed to or the motion is decided by the Court and written notice of such decision is served on the Parties.

Any motion filed with respect to this Protective Order or documents labeled "Confidential" or "Highly Confidential" must comply with the local rules of the United States District Court for the Northern District of California.

**8    Access to and use of protected material**

**8.1    Basic principles:** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. The terms of this Protective Order do not apply to evidence

8

presented at court proceedings and/or trial in this matter. Any protective measures relating to Confidential or Highly Confidential information should be taken up with the judicial officer conducting the particular proceeding at the appropriate time. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 (Final disposition), below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Notwithstanding any other provision of this Order, no Highly Confidential information of the other party shall be brought onto or maintained on any premises owned or leased by, or otherwise under the control of the receiving party, whether such Highly Confidential information is intangible, magnetic, electronic, or other machine-readable form.

**8.2    Disclosure of Confidential information or items:** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated by the opposing party as Confidential only to:

(a) The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, and no more than 3 non-officer employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Confidentiality Undertaking (Exhibit A);

(c) Qualified expert witnesses or Qualified Consultants retained by the Parties or their counsel in connection with this action who have complied with section 7 (Disclosure to Experts or Consultants) of this Order, including signing the Confidentiality Undertaking (Exhibit A);

(d) The Court and its personnel;

  (e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Confidentiality Undertaking (Exhibit A);

  (f) an author, signatory, or recipient of the document or the original source of the information.

  (g) the mediator selected by the Parties to mediate this action.

**8.3  Disclosure of Highly Confidential information or items:** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated by the opposing party as Highly Confidential only to:

  (a) The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

  (b) Qualified Expert witnesses or Qualified Consultants retained by the Parties or their counsel in connection with this action who have complied with Section 7 (Disclosure to Experts or Consultants) of this Order, including signing the Confidentiality Undertaking (Exhibit A);

  (c) The Court and its personnel;

  (d) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Confidentiality Undertaking (Exhibit A);

  (e) The author, signatory, or recipient of the document or the original source of the information

  (f) the mediator selected by the Parties to mediate this action.

**8.4  Additional Authorized Disclosure of Documents or Information Designated as "Confidential"**

  Notwithstanding anything to the contrary in paragraphs 8.2 or 8.3 above, particular Confidential Documents or Information that have been designated as

"Confidential" may be disclosed to witnesses deposed in this action or who are called as witnesses at any hearing in this action that fall into any one of the following categories:

    1. The witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy;

    2. A witness who is a current or former officer, director, employee, or Rule 30(b)(6) witness of the Designating Party may be shown that Designating Party's Confidential Documents or Information that have been designated as "Confidential"; or

    3. The witness has received the prior authorization of this Court or any other tribunal of competent jurisdiction having involvement in this matter.

**9    Disclosure to experts or consultants**

**9.1.  Requirements of Qualified Expert or Qualified Consultant:** an outside (*i.e.*, non-employee) expert witness or consultant of a party may become a Qualified Expert or Qualified Consultant if:

    (a) The expert witness or consultant is first identified by the party seeking to engage the expert witness or consultant ("identifying party") by written notice to the other parties, which written notice shall include a brief description of the expert witness or consultant's business occupation(s) and affiliation(s) for the two-year period preceding the date of the notice and any relationship with the identifying party. This written notice is to be served on opposing litigation counsel of record at least ten business days before Confidential or Highly Confidential information is shown to the expert witness or consultant. A notice identifying a non-testifying expert or consultant who will review Protected Material pursuant to this Protective Order shall not result in waiver of any applicable attorney-client privilege or work-product immunity

    (b) The expert witness or consultant is given a copy of this Protective Order;

(c) The expert witness or consultant executes the Confidentiality Undertaking in the form annexed to this Protective Order as Exhibit A and a copy of that executed form is provided to the non-identifying parties with the written notice required by Section 7.1(a); and

(d) The non-identifying parties do not object pursuant to Section 7.2 below.

**9.2. Objections to disclosure to expert witness or consultant:** A non-identifying party may object to disclosure of Protected Material to an expert witness or consultant designated pursuant to Section 7.1. The procedure for making and resolving any such objection shall be as follows:

(a) Any objections must be made within 7 business days after receiving all of the information required by Section 7.1 above;

(b) Any objection made pursuant to this Section must be in writing and state the reasons for such objection;

(c) After a written objection is made to an expert witness or consultant receiving certain Protected Material, such Protected Material shall not be disclosed to the witness or consultant until the matter is resolved by the Court or upon agreement of the parties;

(d) The parties shall meet and confer in a good faith effort to resolve the objection. This meet and confer shall occur within ten business days after the date the identifying party receives written notice of the objection to its designation, unless the parties stipulate in writing to extend the meet and confer period;

(e) If the meet and confer process (Section 7.2) does not resolve the pending objections to the identified expert witness or consultant, then the party objecting to the identified expert witness or consultant must move the Court for a protective order within ten business days after the conclusion of the meet and confer period set forth in Section 7.2, unless the parties stipulate in writing to extend the time within which such a motion might be filed. A failure to timely file such a motion shall operate as a waiver of the objection made under this Section. Until the parties or the Court

resolves any such objection, the identified expert witness or consultant shall be prohibited from having access to the Confidential or Highly Confidential Discovery Material of the objecting party.

**9.3 Return of Confidential or Highly Confidential information by experts and consultants:** Confidential or Highly Confidential information disclosed to any expert or consultant may be retained by such expert or consultant provided that such expert or consultant subsequently returns any and all copies of such information to the designating Party promptly upon the termination of their engagement or in compliance with the provisions of Section 11 (Final disposition), whichever occurs sooner.

**10     Filing Protected Material**

Unless a Party first receives written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this action. Unless waived by the designating party upon consultation with opposing counsel, no information designated Confidential or Highly Confidential, nor any documents disclosing, reproducing, or paraphrasing, in whole or part, Confidential or Highly Confidential information may be filed or submitted to the Court unless the submission complies with the procedures set forth in Local Rule 79-5 for filing documents under seal. In addition, such information shall not be filed electronically, but shall be filed in person or by mail pursuant to the Court's procedures for such filing.

**11     Protected material subpoenaed or ordered produced in other litigation**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential or Highly Confidential, the Receiving Party must so notify the Designating Party, in writing (by e-mail, if possible) immediately and in no event

more than seven business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**12    Unauthorized disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Confidentiality Undertaking that is attached hereto as Exhibit A.

**13    Final disposition**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after final termination of this litigation, counsel for each of the Parties shall

destroy or return to the originating source all Confidential and Highly Confidential information including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, outside counsel of record for each party may retain: (a) an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material; and (b) one copy of each document or thing which such counsel deems necessary for use only with respect to issues which might later arise in matters related to this litigation, provided such counsel notify the opposing counsel of the Confidential or Highly Confidential information which is retained and the reason for such retention. Any copies retained under (a) or (b) above that contain or constitute Protected Material remain subject to this Protective Order.

## 14   Modification of this Stipulated Protective Order

The Parties hereto may modify the terms of this Stipulated Protective Order by further stipulation. However, any modification of this Stipulated Protective Order must be done pursuant to LOCAL RULE 37, and furthermore, no modification by the Parties shall have the force or effect of a court order unless the Court approves the modification. Alternatively, any Party hereto may seek an order of this Court to modify the terms of this Stipulated Protective Order. Any motion seeking such modification must be served upon all counsel of record and filed in accordance with this Court's filing procedures, and specifically, LOCAL RULE 37.

**15   Prior Orders**

This Protective Order shall not affect any prior order of this Court.

**16   Execution and counterpart**

This Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Electronically scanned signatures shall be binding upon the Parties hereto and may be submitted and considered as originals.

## ORDER

For good cause shown, this Protective Order is hereby entered.

**IT IS SO ORDERED.**

_____, 2008

_____
Patricia V. Trumbull
Magistrate Judge United States District Court

**Exhibit A**

**Confidentiality Undertaking**

1. I have read and understand the attached Agreed Protective Order concerning confidential information that has been entered in *Apio, Inc. v Mann Packing Company, Inc.*, C.A. No. 5:07-cv-5628 JF in the U.S. District Court for the Northern District of California in San Jose.

2. I understand that I may be given access to Confidential or Highly Confidential information, and in consideration of that access, I agree that I shall be bound by all the terms of the Protective Order.

3. I understand that I am to retain all originals and copies of the Confidential or Highly Confidential information in a secure manner and that all copies will be destroyed or returned to the counsel who provided me with it within 60 days after termination of this action.

4. I understand that I will not disclose or discuss Confidential or Highly Confidential information with any persons other than counsel for any party and paralegal and clerical personnel assisting such counsel and other persons who have signed a Confidentiality Undertaking.

5. I understand that all Confidential or Highly Confidential information shall be used solely for the purposes of this action and shall not, directly or indirectly, be used for any other purpose and that any use of Confidential or Highly Confidential information, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court.

Date:_____

Signature:_____

Position:_____

Name (print):_____

```
1  Firm
2  Address: _____
3          _____
4          _____
5
6
...
28
```