Jeffrey G. Sheldon (State Bar No. 67516)
Marc A. Karish (State Bar No. 205440)
SHELDON MAK ROSE & ANDERSON PC
100 East Corson Street, Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321
E-Mail: mkarish@usip.com

Attorneys for Plaintiff and Counterdefendant
APIO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APIO, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MANN PACKING COMPANY, INC., a California corporation; and DOES 1 – 10, inclusive,<br><br>　　　　Defendants. | Case No. CV 07-5628 PVT<br><br>**DECLARATION OF JEFFREY G. SHELDON IN SUPPORT OF APIO INC.'S OPPOSITION TO MANN PACKING COMPANY INC.'S MOTION FOR PROTECTIVE ORDER** |
| MANN PACKING COMPANY, INC., a California corporation,<br><br>　　　　Counterclaimant,<br><br>　vs.<br><br>APIO, INC., a Delaware corporation,<br><br>　　　　Counterdefendant. | |

　　　I, Jeffrey G. Sheldon, declare:

　　　1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and this Court. I am an attorney at Sheldon Mak Rose &

1  Anderson PC ("SMRA") and one of the attorneys responsible for representing
2  Apio, Inc. ("Apio") in this matter. I have personal knowledge of the facts set forth
3  below and, if called as a witness and properly sworn, I could and would testify
4  thereto from my own personal knowledge. I make this declaration in support of
5  Apio's Opposition to Mann Packing Company, Inc.'s Motion for Entry of a
6  Protective Order.

      2. Apio's counsel and Mann Packing Company, Inc.'s ("Mann") counsel traded proposed drafts of documents intended to protect the parties' confidential information.

      3. Mann proposed a further paragraph to the Protective Order constituting a prosecution bar that would prevent any attorneys from my firm working on the litigation and viewing highly confidential documents from prosecuting patents in this area until one year after the case is finally concluded. Such a prosecution bar is unworkable given the size of our firm.

      4. SMRA is a small firm with 17 lawyers, only 12 of whom prosecute patents.

      5. For over 15 years I have represented Apio's parent company, Landec, Inc., in obtaining U.S. and foreign patent protection.

      6. Landec, Inc. technology includes breathable membranes that are usable in food packaging and may be used, for example, as an "atmosphere control member" in the patented method that is the subject of this lawsuit.

      7. I have helped Landec, Inc. obtain over 20 U.S. patents.

      8. SMRA has no involvement in pricing, sales or design and development of Landec, Inc. products.

      9. For over 8 years I have represented Apio in obtaining U.S. and foreign patent protection.

      10. Apio became a wholly owned subsidiary of Landec, Inc. after SMRA began representing Apio.

11. Much of Apio's patent drafting and prosecution is done by a patent agent, Tim Richardson, who is not employed by SMRA.

12. The protective order, without Mann's requested prosecution bar, already prevents Mr. Richardson from viewing any confidential documents of Mann.

13. Both Marc Karish and I have backgrounds that are particularly suited to both Apio's patent prosecution and the present litigation. Attached hereto as Exhibit "A" is a true and correct copy of my CV. Attached hereto as Exhibit "B" is a true and correct copy of a one page biography for Marc Karish.

14. Mann has already responded to Apio's First Set of Requests for Production of Documents and Apio's First Set of Interrogatories.

15. Mann has not identified any confidential information sought in Apio's discovery requests that have any bearing on Apio's patent prosecution.

16. Attached hereto as Exhibit "C" is a true and correct copy of the Court's opinion in the matter of *In re Sibia Neurosciences, Inc.*, 132 F.3d 50, 1997 WL 688174 (1997 C.A. Fed.), which is cited in Apio's opposition brief. This is an unpublished opinion, but I would request that the Court also note that defendant Mann has also cited to an unpublished opinion in its moving papers.

17. Attached hereto as Exhibit "D" is a true and correct copy of the Court's opinion in the matter of *Trading Technologies International, Inc. v. Espeed, Inc.*, 2004 WL 2534389 (N.D. Ill.) (Not Reported in F.Supp.2d.), which is cited in Apio's opposition brief.

18. Attached hereto as Exhibit "E" is a true and correct copy of the Court's opinion in the matter of *Photoprotective Technologies, Inc. v. Insight*

//
//
//
//

*Equity A.P. X, LP*, 2007 WL 2461819 (W.D. Tex.), which is cited in Apio's opposition brief.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed this 27th day of May, 2008 at Pasadena, California.

                                                           */s/ Jeffrey G. Sheldon*
                                                         Jeffrey G. Sheldon

# PROOF OF SERVICE
CCP §§ 1013, 1013a (New January 1, 2005)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was over 18 years of age and **not a party to this action**.

2. My business address is: 100 Corson Street, Third Floor, Pasadena, CA 91103-3842.

3. On **May 27, 2008**, I served the following document(s):

**DECLARATION OF JEFFREY G. SHELDON IN SUPPORT OF APIO, INC.'S OPPOSITION TO MANN PACKING COMPANY INC.'S MOTION FOR PROTECTIVE ORDER**

☐ The documents are listed on Attachment "A."

4. I served the documents on the **persons** below, as follows:

   a. **Name** of person served:

   b. **Address** of person served:

   c. **Fax Number** or **e-mail address** of person served, if service was by fax or e-mail:

   d. Time of service, if personal service was used:

   X The names, addresses, and other applicable information about the persons served is on Attachment "B."

5. The documents were served by the following means (specify):

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

   b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in Item 4 and (specify one):

      (1) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

      (2) ☐ **placed** the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

   c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in Item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in Item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in Item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. **X** **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in Item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

g. **X** **By E-FILING.** The document will be E-Filed with the Court and a "Notification of E-Filing" will be e-mailed by the Court to all registered attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on **May 27, 2008** at Pasadena, California.

_____
Donald K. Piper

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on **May 27, 2008** at _____, California.

_____       _____
(Name of Declarant)                              (Signature of Declarant)

## ATTACHMENT "B" TO PROOF OF SERVICE

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served | Address (business or residential), Fax, or E-mail (as applicable) Where Served | Manner of Service |
|---|---|---|
| Virginia A. Crisp, Esq. | COBLENTZ, PATCH, DUFFY & BASS LLP<br>One Ferry Building, Suite 200<br>San Francisco, California 94111-4213<br>Fax: 415-989-1663<br>Email: ef-vac@cpdb.com | Email & ECF |
| Joseph S. Presta, Esq.<br>Michael E. Crawford, Esq. | NIXON & VANDERHYE P.C.<br>901 North Glebe Road<br>Arlington, Virginia 22203<br>Fax: 703-816-4100<br>Email: jsp@nixonvan.com;<br>mec@nixonvan.com | Email & ECF |