**EXHIBIT "D"**



Not Reported in F.Supp.2d                                                                                                                          Page 1
Not Reported in F.Supp.2d, 2004 WL 2534389 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

🚩 Trading Technologies Intern., Inc. v. eSpeed, Inc.
N.D.Ill.,2004.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
TRADING TECHNOLOGIES INTERNATIONAL, INC., Plaintiff,
v.
ESPEED, INC. Defendant.
**No. 04 C 5312.**

Sept. 24, 2004.

*MEMORANDUM OPINION AND ORDER*

MORAN, Senior J.
*1 The parties have advised the court that they agree (or virtually agree) on the terms of a protective order, with one significant exception: an attorney who is active for plaintiff in this litigation has also been involved in patent prosecutions for plaintiff in the past. Assuming that attorney, Steven F. Borsand, may be involved in patent prosecutions for plaintiff in the future, a not unreasonable assumption, defendant wants to deny him access to its highly confidential material or bar him for a period of time from prosecuting patents on plaintiff's behalf. We deny that restriction.

Both plaintiff and defendant have cases upon which they can rely. We think, however that the Federal Circuit presented the better argument in *In re Sibia Neurosciences, Inc.,* 1997 U.S.App. LEXIS 31828. Mr. Borsand, so far as we know, is primarily a litigator. He has, in the past, become incidentally involved in patent applications by, for example, participating in interviews at the PTO, where the applicant is seeking to persuade the patent examiner of the strength of its position. He there acts as an advocate, not as a drafter of specifications and claims, and certainly not as one involved in his client's decisions regarding pricing, marketing, product design or the like. We conclude that the risk of inadvertent misuse of confidential material is not great enough to justify the restrictions defendant proposes. And we have no reason to doubt that Mr. Borsand will conscientiously keep in mind and act to uphold his professional obligations.

N.D.Ill.,2004.
Trading Technologies Intern., Inc. v. eSpeed, Inc.
Not Reported in F.Supp.2d, 2004 WL 2534389 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.