**EXHIBIT "E"**



Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2007 WL 2461819 (W.D.Tex.)
(Cite as: 2007 WL 2461819 (W.D.Tex.))

Only the Westlaw citation is currently available.

United States District Court,
W.D. Texas,
San Antonio Division.
PHOTOPROTECTIVE TECHNOLOGIES, INC.,
and James M. Gallas, Plaintiffs/Counter-Defendants,
v.
INSIGHT EQUITY A.P. X, LP, dba Vision-Ease Lens; Insight Equity A.P. X Company LLC; Thomas Joseph Moravec; and Hideyo Sugimura, Defendants/Counter-Plaintiffs.
**Civil Action No. SA-06-CA-1122 OG (NN).**

Aug. 27, 2007.
Anastassios Triantaphyllis, Triantaphyllis Law Firm, Houston, TX, for Plaintiffs/Counter-Defendants.

Christopher C. Campbell, David M. Young, Patrick A. Doody, Goodwin Procter LLP, Washington, DC, Robert L. Soza, Julia Wommack Mann, Jackson Walker, L.L.P., San Antonio, TX, for Defendants/Counter-Plaintiffs.

**ORDER DENYING MOTION FOR PROTECTIVE ORDER**

NANCY STEIN NOWAK, United States Magistrate Judge.

***1** This order addresses the motion for protective order filed by the defendants in this case. I have jurisdiction to enter this order under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained. [FN1]

FN1. Docket entry # 23.

This case involves a dispute between the plaintiffs--Photoprotective Technologies, Inc. and James M. Gallas--and the defendants--Insight Equity A.P. X dba Vision-Ease lens, Insight Equity A.P. X Company LLC, Thomas Joseph Moravec, and Hideyo Sugimura--involving patents for polarized sun lenses containing melanin. The parties on each side of this dispute have alleged that the other side has misused confidential trade-secret information in order to claim patent rights. The defendants have asked for a protective order similar to the one provided for in the local rules for this district, but with an additional provision that would bar the attorneys with access to an adversary's confidential materials from engaging in patent prosecution on behalf of their clients in this case for two years following the conclusion of this litigation. [FN2] Specifically, the defendants ask for the inclusion of the following provision:

FN2. Docket entry # 21.

Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation; provided, however, that under no circumstances shall any person who accesses such material participate, during the course of this litigation and for a period of two years following the final resolution of the litigation, in patent application, prosecution, reexamination, or reissue activities relating to polarization and/or melanin on behalf of any of the parties to this litigation or any of the inventors of the patents-in-suit in this litigation. [FN3]

FN3. Docket entry # 24, p. 5.

The defendants maintain that this "patent prosecution bar" is needed because of the risk of intentional, knowing misuse of confidential information obtained during discovery, and because a substantial risk exists that inadvertent and irreparable misuse of confidential information will take place. [FN4] The plaintiffs oppose this additional provision. [FN5]

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2007 WL 2461819 (W.D.Tex.)  
**(Cite as: 2007 WL 2461819 (W.D.Tex.))**

Page 2

FN4. Docket entry # 21, p. 6.

FN5. *See* docket entry # 22.

Under Rule 26 of the Rules of Civil Procedure, a party may obtain discovery of all information "reasonably calculated to lead to the discovery of admissible evidence." [FN6] A court, however, can issue a protective order directing that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way...." [FN7] When a party asks for such protection, the requesting party bears the burden of showing the necessity of the protective order. [FN8] Courts considering a "patent prosecution bar" provision focus on the factual circumstances surrounding each individual attorney's activities, association and relationship with his client and the attorney's involvement in his client's "competitive decisionmaking." [FN9] The term "competitive decisionmaking" is "shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." [FN10] "Competitive decisionmaking" involves more than an attorney's "regular contact" with his client's corporate officials "who make 'policy,' or even competitive decisions, but 'advice and participation' in 'competitive decisionmaking.' " [FN11]

FN6. Fed.R.Civ.P. 26(b)(1).

FN7. Fed.R.Civ.P. 26(c)(7).

FN8. *See In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir.1998)

FN9. *See In re Sibia Neurosciences,* No. 525, 1997 WL 688174, at * 2 (Fed.Cir. Oct.22, 1997) (explaining the need to determine whether an attorney is involved in competitive decisionmaking in deciding whether a patent prosecution bar provision is appropriate). *Compare Avocent Redmond Corp. v. Rose Electronics,* 242 F.R.D. 574, 579 (W.D.Wash.2007) (denying the defendants' request for a "patent prosecution bar" provision where the defendants argued that "patent prosecution activities are 'competitive decisionmaking' activities because the 'objective of such activities is the issuance of patents designed to enjoin [d]efendants' products from the marketplace' " but failed to present evidence that the attorney prosecuting the plaintiff's patents advised the plaintiff in its competitive decisionmaking) *with Motorola v. Interdigital Tech. Corp.,* No. Civ.A. 93-488-LON, 1994 WL 16189689, at *7 (D.Del. Dec.19, 1994) (focusing on the risk of inadvertent disclosure of the plaintiff's confidential information and prohibiting the defendant's attorneys who had received such information from prosecuting patent applications relating to the broad subject matter of the patents in suit until one year after the conclusion of the litigation).

FN10. *U.S. Steel Corp. v. United States,* 730 F.2d 1465, 1468 n. 3 (Fed.Cir.1984).

FN11. *Matsushita Elec. Indus. Co. v. United States,* 929 F.2d 1577, 1580 (Fed.Cir.1991).

*2 In this case, the defendants have presented evidence that the plaintiffs' attorney has prosecuted patents on behalf of the plaintiffs over an 18-year time period. [FN12] Although some courts have equated patent prosecution with competitive decisionmaking, [FN13] such practice is not necessarily dispositive. Basing a "patent prosecution bar" solely on an attorney's practice of prosecuting patents on behalf of his client fails to consider the factual circumstances surrounding the attorney's activities, association and relationship with his client and the attorney's involvement in his client's competitive decisionmaking. [FN14] In this case, no evidence was presented concerning "counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." [FN15] Because the defendants have presented no evidence about the factual circumstances surrounding attorney activity, association or relationship, or about involvement in client competitive decisionmaking, I DENY the motion (docket entry # 22) subject to re-urging upon a more fully developed record.

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2007 WL 2461819 (W.D.Tex.)  
**(Cite as: 2007 WL 2461819 (W.D.Tex.))**

Page 3

FN12. Docket entry # 21, exh. A.

FN13. *See Infosint S.A. v. H. Lundbeck A.S.,* No. 06 Civ. 2869, 2007 LEXIS 36678 (D.N.Y. May 16, 2007).

FN14. *See **In re Sibia Neurosciences, No. 525, 1997 WL 688174, at \* 3***.

FN15. *U.S. Steel Corp.,* 730 F.2d at 1468 n. 3.

Not Reported in F.Supp.2d, 2007 WL 2461819 (W.D.Tex.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.