Jeffrey G. Sheldon (State Bar No. 67516)
Marc A. Karish (State Bar No. 205440)
SHELDON MAK ROSE & ANDERSON PC
100 East Corson Street, Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321
E-Mail: mkarish@usip.com

Attorneys for Plaintiff and Counterdefendant
APIO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APIO, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MANN PACKING COMPANY, INC., a California corporation; and DOES 1 – 10, inclusive,<br><br>　　　　Defendants.<br><br>MANN PACKING COMPANY, INC., a California corporation,<br><br>　　　　Counterclaimant,<br><br>vs.<br><br>APIO, INC., a Delaware corporation,<br><br>　　　　Counterdefendant. | Case No. CV 07-5628 PVT<br><br>**DECLARATION OF RON MIDYETT IN SUPPORT OF APIO INC.'S OPPOSITION TO MANN PACKING COMPANY INC.'S MOTION FOR PROTECTIVE ORDER** |

I, Ron Midyett, declare:

1. I am the CEO of Apio, Inc. (hereinafter "Apio"). I have personal knowledge of the facts set forth below and, if called as a witness and properly

sworn, I could and would testify thereto from my own personal knowledge. I make this declaration in support of Apio's Motion for Entry of a Protective Order.

2. Jeffrey Sheldon prosecuted the patent in suit, U.S. Patent No. 7,083,818 ("the '818 Patent").

3. Jeffrey Sheldon filed and is currently prosecuting a continuation application and two divisional applications of the '818 Patent, and Notices of Appeal have recently been filed in all three applications.

4. Sheldon Mak Rose & Anderson has no involvement in pricing, sales or design and development of Apio products.

5. A prosecution bar for litigating attorneys at Sheldon Mak Rose & Anderson would force Apio to engage either new prosecution counsel or new litigation counsel at great expense and substantial prejudice.

6. It would be very expensive and time consuming to bring new litigation counsel up to speed on the lawsuit itself, as well as the underlying patent, file history, references and technology.

7. Likewise, it would very expensive and time consuming to bring new prosecution counsel up to speed on the years of related prosecution history, the voluminous cited references and the technology.

8. Similar expenditures of time and money would be needed whether another firm is required for patent prosecution or the present litigation, or whether another attorney at Sheldon Mak Rose & Anderson is required to take over the litigation or the prosecution.

9. Apio specifically selected Jeffrey Sheldon of Sheldon Mak Rose & Anderson to be its litigation counsel to take advantage of the efficiencies of his already being intimately familiar with Apio's patents and technology.

//
//

| | |
|---|---|
| 1 | I declare under penalty of perjury under the laws of the United States that |
| 2 | the foregoing is true and correct and that this Declaration was executed this |
| 3 | 27th day of May, 2008 at GUADALUPE, California. |
| 4 | |
| 5 | |
| 6 | Ron Midyett |
| 7–28 | |

# PROOF OF SERVICE
CCP §§ 1013, 1013a (New January 1, 2005)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was over 18 years of age and **not a party to this action**.

2. My business address is: 100 Corson Street, Third Floor, Pasadena, CA 91103-3842.

3. On **May 27, 2008**, I served the following document(s):

   **DECLARATION OF RON MIDYETT IN SUPPORT OF APIO, INC.'S OPPOSITION TO MANN PACKING COMPANY INC.'S MOTION FOR PROTECTIVE ORDER**

   ☐ The documents are listed on Attachment "A."

4. I served the documents on the **persons** below, as follows:

   a. **Name** of person served:

   b. **Address** of person served:

   c. **Fax Number** or **e-mail address** of person served, if service was by fax or e-mail:

   d. Time of service, if personal service was used:

   X The names, addresses, and other applicable information about the persons served is on Attachment "B."

5. The documents were served by the following means (specify):

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

   b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in Item 4 and (specify one):

   (1) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☐ **placed** the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

   c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in Item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐   **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in Item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐   **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in Item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. **X**   **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in Item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

g. **X**   **By E-FILING.** The document will be E-Filed with the Court and a "Notification of E-Filing" will be e-mailed by the Court to all registered attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on **May 27, 2008** at Pasadena, California.

*/s/ Donald K. Piper*
Donald K. Piper

### DECLARATION OF MESSENGER

☐   **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on **May 27, 2008** at _____, California.

_____    _____
(Name of Declarant)                                     (Signature of Declarant)

## ATTACHMENT "B" TO PROOF OF SERVICE

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served | Address (business or residential), Fax, or E-mail (as applicable) Where Served | Manner of Service |
|---|---|---|
| Virginia A. Crisp, Esq. | COBLENTZ, PATCH, DUFFY & BASS LLP<br>One Ferry Building, Suite 200<br>San Francisco, California 94111-4213<br>Fax: 415-989-1663<br>Email: ef-vac@cpdb.com | Email & ECF |
| Joseph S. Presta, Esq.<br>Michael E. Crawford, Esq. | NIXON & VANDERHYE P.C.<br>901 North Glebe Road<br>Arlington, Virginia 22203<br>Fax: 703-816-4100<br>Email: jsp@nixonvan.com;<br>mec@nixonvan.com | Email & ECF |