# Exhibit 18

1   Jeffrey G. Sheldon (State Bar No. 67516)
2   Marc A. Karish (State Bar No. 205440)
    SHELDON MAK ROSE & ANDERSON PC
3   100 Corson Street, Third Floor
    Pasadena, California 91103-3842
4   Telephone: (626) 796-4000
5   Facsimile: (626) 795-6321
6   E-Mail: mkarish@usip.com

7
    Attorneys for Plaintiff and Counterdefendant
8   APIO, INC.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13   APIO, INC., a Delaware corporation,    )  Case No.  CV 07-5628 JF
14              Plaintiff,                   )  **PLAINTIFF APIO, INC.'S**
                                             )  **FIRST SET OF REQUESTS FOR**
15        vs.                                )  **PRODUCTION TO DEFENDANT**
                                             )  **MANN PACKING COMPANY,**
16   MANN PACKING COMPANY, INC.,             )  **INC.**
17   a California corporation; and DOES 1 –  )
     10, inclusive,                          )
18              Defendants.                  )
19   ─────────────────────────────          )
20   MANN PACKING COMPANY, INC.,             )
     a California corporation,               )
21              Counterclaimant,             )
                                             )
22        vs.                                )
                                             )
23   APIO, INC., a Delaware corporation,     )
24              Counterdefendant.            )
25   ─────────────────────────────          )

26

27        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

28   Plaintiff and Counterdefendant APIO, INC. ("APIO") by and through its attorneys,

1  produced by any means and which is retained or produced by any means and
2  which is in your possession, custody and control, and all copies of the foregoing on
3  which any mark, alteration, writing or other changes from the original have been
4  made.

5      6.   The term "Mann Product" refers to any tray containing vegetables and
6  vegetable platters, including the tray shown in Exhibit 2 to the Complaint, sold,
7  distributed, offered for sale, or made by MANN.

8

9  **<u>REQUESTS FOR PRODUCTION</u>**

10     1.   Document sufficient to show all Mann Products since September 1,
11  2000.

12     2.   All documents and things relating to sales of Mann Products since
13  September 1, 2000.  This request includes, but is not limited to:

14         a.   purchase orders;
15         b.   sales agreements; and
16         c.   invoices.

17     3.   All documents and things concerning the total revenue, both gross and
18  net, derived from sales of Mann Products since September 1, 2000 including, but
19  not limited to:

20         a.   financial statements;
21         b.   tax returns;

22     4.   All documents and things relating to manufacturing of Mann Products
23  since September 1, 2000.

24     5.   Specimens of each different Mann Product since September 1, 2000
25  including specimens of each component thereof.

26     6.   All documents and things relating to when MANN first became aware
27  of the patent at issue.

28     7.   All requests for, and reports of, prior art searches concerning the

1  patent at issue.

2      8.  All materials and documents that you believe constitute prior art with

3  respect to the patent at issue, including invalidating or limiting prior art.

4      9.  All communications that question or challenge infringement, validity

5  or enforceability of the patent at issue.

6      10.  Samples of each sales catalogue, advertising, and product literature

7  for Mann Products that have been distributed in the United States since September

8  1, 2000.

9      11.  All documents and things relating to any expert witness retained by

10  you for this lawsuit.  This request includes all documents relating to the

11  qualifications or experience of the witness, publications authored by any such

12  expert witness, and all treatises, learned texts and any other documents upon which

13  the expert witness will base his testimony.

14      12.  All documents and things related to MANN's affirmative defenses to

15  APIO's claims in this matter, including but not limited to all attorney opinion

16  letters and memoranda.

17      13.  All documents and things related to MANN's claims against APIO in

18  this matter, including but not limited to all attorney opinion letters and memoranda.

19      14.  All documents identified in your responses to APIO's First Set of

20  Interrogatories.

21      15.  The articles of incorporation and bylaws of Plaintiff, and sufficient

22  documents to identify all officers and managers of Plaintiff or any predecessor

23  since the date of issuance of the '818 patent.

24      16.  All documents that refer to, relate to or in any way support MANN's

25  contentions in paragraphs 14, 15, 17, 20, 22, 25, 26 of the Answer and

26  Counterclaim.

27      17.  All attorney opinion letters and memoranda regarding infringement,

28  invalidity or unenforceability of the patent at issue.