

### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/222,435 | 08/16/2002 | Wesley Paul Pratte | 14181 | 8932 |

| 7590 | 10/26/2005 |
|---|---|

Jeffrey G. Sheldon Esq.
Sheldon & Mak
Suite 900
225 South Lake Avenue
Pasadena, CA 91101

| EXAMINER |
|---|
| MADSEN, ROBERT A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1761 | |

DATE MAILED: 10/26/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

H-065

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 10/222,435 | PRATTE, WESLEY PAUL |
| | Examiner | Art Unit |
| | Robert Madsen | 1761 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>09 March 2005 and 07 April 2005</u>.

2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1,2,26-53,55-68 and 73-82</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1,2,26-53,55-68 and 73-82</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All    b)☐ Some *    c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date <u>June 20,2005</u>.

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application (PTO-152)

6)☐ Other: _____.

Application/Control Number: 10/222,435                                   Page 2
Art Unit: 1761

## DETAILED ACTION

1.      Applicant's request for reconsideration of the finality of the rejection of the last

Office Action is persuasive and, therefore, the finality of that action is withdrawn.   In

addition, the Amendment filed April 7,2005 has been entered. Claims 1,2,26-53,55-

68,73-82 remain pending.

### *Claim Rejections - 35 USC § 112*

2.   ᐧ  The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of
> making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the
> art to which it pertains, or with which it is most nearly connected, to make and use the same and shall
> set forth the best mode contemplated by the inventor of carrying out his invention.

3.      Claims 1,2, 26-53,55-68,73-82 are rejected under 35 U.S.C. 112, first paragraph,

as failing to comply with the written description requirement.  The claim(s) contains

subject matter which was not described in the specification in such a way as to

reasonably convey to one skilled in the relevant art that the inventor(s), at the time the

application was filed, had possession of the claimed invention.

4.      Claims 1,35,44,52,60, and 64 recite "at least one atmosphere control member".

This limitation includes more than two atmosphere control members, and the Examiner

cannot locate more than two atmosphere control members in the originally filed

disclosure. The originally filed specification states "An atmosphere control member can

for example be placed over a window in the container body and/or over a window in the

sealing sheet." For examination purposes, the Examiner will consider that there is full

support for such a limitation in the original disclosure.

H-067

Application/Control Number: 10/222,435                               Page 3
Art Unit: 1761

5.      Claim 1 recites the initial packaging atmosphere being air. However, the
Examiner cannot locate any support for a specific packaging atmosphere in the
originally filed disclosure. For examination purposes, the Examiner will consider that
there is full support for such a limitation in the original disclosure.

6.      Claims 26 and 35 recite there is no intermediate step between step B and step C
(i.e. filling and sealing). The Examiner cannot locate any support in the specification for
excluding an additional step between step B and step C in the originally filed disclosure.
On the contrary, the originally filed claims recited " A method...comprising" steps B and
C, wherein step C is "after step B", and the specification states that a method claim that
"comprises" a number steps can include steps carried out between two defined steps.
However, for examination purposes the Examiner will consider that there is full support
for such a limitation in the original disclosure.

7.      Claim 33 and 50 recite, "at 22°C at least 75% of the oxygen entering the
packaging atmosphere passes through said at least one atmosphere control member".
The Examiner cannot locate support for this limitation in the originally filed disclosure or
the US 6376032 and WO 00/04787 incorporated by reference. However, for
examination purposes the Examiner will consider that there is full support for such a
limitation in the original disclosure.

8.      Claims 73,75,77,79, and 81 recite the partitions are removable "whereby each of
the compartments has a fixed size". The specification does not describe how partitions,
which form the compartments, are removable but the compartments that they form have
a fixed size. Once any one partition is removed a new compartment size is created.

Application/Control Number: 10/222,435                                    Page 4
Art Unit: 1761

Thus, when partitions are removable the compartments do not have a fixed size.  For

examination purposes the Examiner will consider understand this to mean the partitions

are limited, or fixed, to particular locations in the container body.


9.      The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly
> claiming the subject matter which the applicant regards as his invention.


10.     Claims 28,37,45, 53,58,62 are rejected under 35 U.S.C. 112, second paragraph,

as being indefinite for failing to particularly point out and distinctly claim the subject

matter which applicant regards as the invention. The claims 28,37,45, 53,58,62 are

rejected under 35 U.S.C. 112, second paragraph, as being incomplete for omitting

essential structural cooperative relationships of elements, such omission amounting to a

gap between the necessary structural connections.  See MPEP § 2172.01.

11.     Regarding claims 28,37, 45, these claims include the limitation that there is one

control member on a window of the sealing sheet and that ribs provided on the tray

circulation of the gases between the two.  However, independent claims 1 and 35 recite

that a tray is placed over the sealing sheet and the package is inverted, and

independent claim 44 further recites the sealing sheet is supported by the tray.  The

omitted structural cooperative relationships are the tray and the sealing sheet.  The

claims fail to point out or distinctly claim how a tray covering or supporting the sheet

provides access to gases.   There is no structural description of the tray to suggest that

there is a gas-filled space between the sheet and tray when the tray supports the sheet

*H-069*

Application/Control Number: 10/222,435                                        Page 5
Art Unit: 1761

or that the tray provides access to the surrounding atmosphere. Even with the ribs

limitation there are still omitted structural cooperative relationships.

12.    Regarding claims 53,58,62, claims 58 and 62 recite the *only* pathway for gases

to flow is through the control member, and claim 53 recites that ribs provide circulation

of the gases between the two. However the independent claims 52 and 60 recite only

one atmosphere control member may be present on the sealing sheet, a tray is placed

over the sealing sheet, and the package is inverted so that the sealing sheet is

supported by the tray. The omitted structural cooperative relationships are the tray and

the sealing sheet. The claims fail to point out or distinctly claim how a tray supporting

the sheet provides access to gases.  There is no structural description of the tray to

suggest that there is a gas-filled space between the sheet and tray when the tray

supports the sheet or that the tray provides access to the surrounding atmosphere.

Even with the inclusion of the ribs limitation of claim 53, there are still omitted structural

cooperative relationships.


### Claim Rejections - 35 USC § 103

13.    The text of those sections of Title 35, U.S. Code not included in this action can

be found in a prior Office action.

14.    Claims 35,36,38,40-44,47-52,55-63 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Albertson's in view of the Admission of the Prior Art and McMahon et

al. (US 4660716) and Brown (US 6595366 B1) and Antoon (US 5045331).

15.    Regarding claims 35,36,38,42-44,47,50-52,55,58-60,62,63, Albertson's teaches

a transparent domed shaped container body (i.e. the lid) having a base , a contiguous

wall extending from the base, and a continuous rim, as recited in claims 35,44,52,and

60. The body is intended to be applied to a 12" tray, or a 12" diameter, and thus since

the rim of the body appears to meat the edge of the 12" tray, the body also has 12"

diameter, or includes a circumference of  38" (i.e.  30-100 in), as recited in claims

35,44,52, and 60. Albertson's teaches the body has a loading orientation is such that

the walls extends upwards from the base , creates 4 sections, or compartments, in the

body, and places  multiple pieces of 4 different types of fresh vegetables into each

compartment(e.g. 14 oz of carrots, 12 oz of cauliflower, 6 oz of celery, and 10 oz of

broccoli) as recited in claims 35,44,52, and 60. Albertsons further teaches placing the

support tray over the body, and turning the body/tray upside down, whereby the tray can

be displayed for sale in this orientation such that the vegetables can be viewed through

the container body (See Page 37), as recited in claims 35,43,44,51,52,59,60,and 63.

16.    Albertson's is silent in teaching :

(1) the body has a depth of 1-4"as recited in claims 35,44,52, and 60

(2) the container body is molded from polymeric material as recited in claims

35,44, 52, and 60,

(3) sealing a sealing sheet of polymeric material over the fresh vegetable

compartments as recited in claims 35,44,52,and 60, without an intermediate step

between filling and sealing as recited in claim 44, that the sealing sheet is supported by

the tray in the inverted position, as recited in claims 36,44,52,

(4) partitions extend upward from the body in the loading orientation to form

compartments as recited in claims 35,44,52,60, wherein the partitions used to form the

sections/compartments are formed when the container is molded as recited in claims

39,47,55,60.

(5) the sealed package includes at least one atmosphere control member as

recited in claims 35,44,52, and 60 covering a window in the container body as recited in

claim 38 and 46 or a window in the sealing sheet as recited in claims 38,46,52 and 60

so that the control member provides the only pathways for oxygen and carbon dioxide

as recited in claims 42 ,58, and 62 wherein at 22°C at least 75% of the oxygen entering

the container passes through the control member as recited in claim 50.

17.    Rationale for modifying Albertson's with respect to (1) :

Albertson's teaches filling 4 equal sections, or compartments of a 12" diameter body

with 14 oz of carrots, 12 oz cauliflower, 6 oz of celery, and 10 oz of broccoli.  It would

have been an obvious to select any particular depth for the body, depending on the

expected size and shape of each variety of vegetable , since Albertson's required 14 oz

of carrots, 12 oz cauliflower, 6 oz of celery, and 10 oz of broccoli in 4 equal

compartments of a 12" diameter body and one would have to select an appropriate

depth to accommodate enough vegetables of an expected size and shape in each

compartment in order to achieve the desired weight.

18.    Rationale for modifying Albertson's with respect to (2) and (3):

The admission of the prior art teaches conventional features of known fresh vegetables

separated into sections, or compartments, and located between a support and

Application/Control Number: 10/222,435                                    Page 8
Art Unit: 1761

transparent cover. The admission of the prior art teaches in order to increase the shelf

life a transparent polymeric sheet is conventionally sealed over the compartments of

fresh vegetables prior to covering the compartments with a lid to allow for modified

atmosphere packaging or a controlled atmosphere package.  The admission of the prior

art also teaches the support and cover are formed by molded polymeric materials

(Paragraphs 3-6 of the Pre-Grant Publication of the application).  Therefore, it would

have been obvious to further modify Albertson's and form the container body of

polymeric material since the admission of the prior art teaches the conventional

materials used to store fresh vegetables is made from polymeric material.   It would

have also have been obvious to further include sealing a sealing sheet of polymeric

material over the fresh vegetable sections, or compartments, prior to applying the tray to

cover to the compartments, such that the sealing sheet would rest on the tray after the

body/tray structure was inverted since the admission of the prior art teaches sealing a

transparent polymeric sheet over the compartments of fresh vegetables in the body

*prior* to applying a cover would increase shelf life and provide for a modified atmosphere

package or controlled atmosphere package.  It would have been further obvious to

immediately seal the container body with the sealing sheet after sealing since this would

prevent dirt or other contaminants from falling into the filled container body.

19.    Rationale for modifying Albertson's with respect to (4):

20.    McMahon et al. also teach dividing a transparent body into sections, or

compartments, filling the compartments with different types of food, and placing a tray

over the body. When the tray and body are inverted, the different types of food remain

Application/Control Number: 10/222,435                                    Page 9
Art Unit: 1761

in a divided manner. McMahon et al. divide the body with partitions that extend upward

from the base, and the partitions are molded along with the base. McMahon et al. teach

the advantages of providing the partitions are the partitions facilitate package and

segregate the different foods during shipment /storage (Abstract, Column 1, lines 53-57,

Column 2, lines 36-Column 3, line 7,Column 4, lines 24-51).

21.      Brown is relied on as further evidence of the conventionality of dividing a domed

container body , like the body of Albertson's,  into sections, or compartments, so that

food is maintained in a divided manner on a tray when the body covers the tray.  Brown

teaches providing  partitions (Items 48 ) extending from the base of  the container body

and forms compartments.  Brown teaches  the advantage of providing partitions is that

the movement of food on the tray is prevented during display and the container body

base is provided with structural support  (Column 1, line 7 to Column 2, line 17, Column

3, lines 10-24, Column 4, lines 26-39).

22.      Therefore, it would have been obvious to further modify Albertson's container

body and provide partitions that extend away and upward from the base during filling

formed when the body is molded since Albertson's teaches dividing the container body

into compartments to receive the vegetables and McMahon et al. teach dividing a

container body into compartments with partitions that are formed when the body is

molded will facilitate packaging and maintain the division between different types of food

during shipping and storage and Brown teaches partitions in a domed container body

that covers a tray will prevent movement of the food items and provide additional

structurally support for the body when it covers the tray.   One would have had some

H-074

Application/Control Number: 10/222,435                                    Page 10
Art Unit: 1761

expectation of success to include partitions in the domed container cover of Albertson's

because Albertson's desires a divided container body and the prior art recognized

advantages of utilizing partitions molded along with and extending from the base of

container body for dividing the body into compartments:   facilitating packaging,

providing the division feature during shipping, storage, and display, and providing

additional structural support for the body when the body/tray structure is inverted after

filling.

23.    Rationale for modifying Albertson's with respect to (5):

Antoon also teaches a sealed container body holding fruit or vegetables.  Antoon

teaches providing an atmosphere control member will allow one to obtain an optimum

environment, or carbon dioxide to oxygen ratio, to store fruits or vegetables and retard

maturation and spoilage. The control member allows carbon dioxide and oxygen to pass

in and out of the container. Antoon teaches providing the control member in a gas

impermeable sealing sheet across the container body or in the gas impermeable walls

will provide the desired effect, as long as the member is not blocked during storage

(Abstract, Column 4, lines 36-45, and  Column 6, lines 35-59).  Therefore it would have

been obvious to further modify Albertson's and provide at least one atmosphere control

member such that the control member provides the only pathways for oxygen and

carbon dioxide and at least 75% of the oxygen entering the container passes through

the control member,  since  Antoon teaches providing an atmosphere control member

for an otherwise gas impermeable fruits/vegetables storage container body will allow

one to obtain an optimum storage environment , or carbon dioxide to oxygen ratio, and

H-075

retard both maturation and spoilage.  To select any particular location, either in a wall of

the container body or on the sealing sheet, would have been obvious depending on the

particular arrangement of the container body during storage, since  Antoon teaches one

may provide an atmosphere control member at any location of a container body holding

fruits and vegetables , including on a sealing sheet covering the container body holding,

as long as the control member is not obstructed during storage.

24.    Regarding claims 40,48, and 56, modified Albertson's is silent in teaching any

particular partition size, such as less than 0.125".

25.    Rationale for modifying Albertson's to include partition thickness of less than

0.125":

As discussed above in the rejection of claims 35,36,38,42-44,47,50-52,55,58-60,62,63,

McMahon et al. teach the advantages of providing the partitions are the partitions

facilitate package and segregate the different foods during shipment /storage , and

Brown teaches the advantages of providing partitions are that the movement of food on

the tray is prevented during display and the container body base is provided with

structural support.   Examiner also takes Official Notice that is notoriously well known in

the art packaging art that it is desirable to minimize the thickness of packaging materials

without sacrificing functionality in order to minimize the associated material costs of

forming the package.  Therefore, to further modify Albertson's and select any particular

thickness of the partitions would have been obvious depending on thickness that would

save on material costs and the minimum thickness required to still  achieve the desired

Application/Control Number: 10/222,435                                    Page 12
Art Unit: 1761

advantages of providing facilitated packaging, segregating of vegetables, preventing

movement of the vegetables, and providing structural support.

26.    Regarding claims 41,49,57,61, Albertson's teaches placing a cup of dip in the

center of the container and dividing the container into sections/compartments, wherein

the cup helps to define the compartments (See Page 37). Albertson's is silent in

teaching a carton of dip.

27.    Rationale for modifying Albertson's to include a carton of dip:

It would have been obvious to modify the "cup" of dip and include a "carton" of dip since

the Examiner takes Official Notice of the equivalence of "cups" and "cartons" for their

use in the mercantile packaging art and the selection of any of these known equivalents

to package a dip for mercantile use would be within the lever of ordinary skill in the art.

28.    Claims 37,45, and 53 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Albertson's in view of the Admission of the Prior Art and McMahon et al. (US

4660716) and Brown (US 6595366 B1) and Antoon (US 5045331) as applied to claims

35,36,38,40-44,47-52,55-63 above, further in view of Wyslotsky et al. (US 20030057217

A1).

29.    As discussed above in the rejection of 35,38,44,46,52, 58,60,and 62, modified

Albertson's includes an atmosphere control member covered window in the container

body or in the sealing sheet so that the control member provides the only pathways for

oxygen and carbon dioxide . However Albertson's is silent in teaching the combination

of a control member covered window in the sealing sheet and ribs along the support

H-077

Application/Control Number: 10/222,435                                              Page 13
Art Unit: 1761

tray covering the sealed container body so that air can circulate between the tray and

the atmosphere control member.

30.     Rationale for including ribs along the tray so that air can circulate between the

tray and control member:

Wyslotsky et al.; like Albertson's, teach a container body made of polymeric material

(e.g. item 50) and tray (e.g. item 52) for fresh vegetables.  Wyslotsky et al. also teach

including an atmosphere control member covering a window for high oxygen diffusion

and provides ribs on both the container body and tray to increase gas flow, so that the

fresh vegetables can respire to extend shelf life (Paragraphs

25,35,46,47,51,52,53,5461,62).   Therefore, it would have been obvious to modify

Albertson's container body  and include ribs in both the container body and tray since

Wyslotsky et al. teach providing ribs along the container body and tray of a vegetable

package including a window covered by an atmosphere control member will increase

gas flow between the fresh vegetables and the atmosphere control member and extend

the shelf life of fresh vegetables.


31.     Claims 75,77, and 79 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Albertson's in view of the Admission of the Prior Art and McMahon et al. (US

4660716) and Brown (US 6595366 B1) and Antoon (US 5045331) as applied to claims

35,36,38,40-44,47-52,55-63 above, further in view of Langenbeck (US 4593816).

32.     Albertson's teaches dividing the domed container body into compartments, and

as discussed above in the rejection of 35,36,38,40-44,47-52,55-63 above modified

*H-078*

Application/Control Number: 10/222,435                                    Page 14
Art Unit: 1761

Albertson's includes a molded container body with partitions forming the compartments,
but Albertson's is silent in teaching the partitions are removably located in location
members in the wall or base so that the compartments have fixed size.

33.    Rationale for including removable partitions and location members in the wall or
base so that the compartments have fixed size:

Langenbeck also teaches a compartmented container body to maintain a separate
grouping of items . Langenbeck teaches removable partitions are received in fixed
location members that designate compartments. When the dividers are removed the
empty container bodies can be nested so that one can save storage space needed for
the empty container bodies (Column 3, lines 32-60,Column 12, lines 34-40,Note the
nesting in Figure 12). Therefore, it would have been obvious to further modify
Albertson's and include removable partitions with  location members molded into the
container body at fixed locations to receive the partitions since Langenbeck teach when
partitions are removable from a container body the container body can be nested so
that one can save storage space needed for the empty container bodies. One would
have had some expectation of success including these particular features of
Langenbeck since a domed shaped container body such as Albertson's without
partitions would be nestable and it is notoriously well known in the food packaging art
that storage space savings via nesting empty containers is desirable.


34.    Claims 76,78,80 are rejected under 35 U.S.C. 103(a) as being unpatentable over
Albertson's in view of the Admission of the Prior Art and McMahon et al. (US 4660716)

Application/Control Number: 10/222,435                                    Page 15
Art Unit: 1761

and  Brown (US 6595366 B1) and  Antoon (US 5045331) as applied to claims

35,36,38,40-44,47-52,55-63 above, further in view of Wozniacki (US 4272008).

35.    Albertson's teaches dividing the container body into compartments in order and

filling each compartment with a desired weight of a particular vegetable, but Albertson's

is silent in teach removable partitions or at least one of the partitions comprises two or

more straight portions at right angles to each other and the base.

36.    Rationale for modifying Albertson's to include removable partitions and having at

least one of the partitions comprises two or more straight portions at right angles to

each other and the base :

Wozniacki teach fruits and vegetable packages conventionally utilize adjustable and

removable dividers  because fruits and vegetables vary in size and in order to pack the

same weight of produce items one would have to be able to adjust the partition size and

shape, for example such that at least one of the partitions comprises two or more

straight portions at right angles to each other and the base, depending on the shape

and size of the fruits or vegetables (Column 1, lines 10-26, Column 3, line 13-32 and

Column 3, line 46 to Column 4, line 3 and Column 4, line 20-30,  wherein the base of

Figure 5 is the surface supporting the divider 10 and is perpendicular to the partitions 44

and 43 which are perpendicular to each other.)

37.    Therefore, it would have been obvious to further modify Albertson's container

body and provide removable partitions wherein at least one of the partitions comprises

two or more straight portions at right angles to each other and the base depending on

the particular shape and size of the vegetables since Albertson's teaches a desired

H-080

Application/Control Number: 10/222,435                              Page 16
Art Unit: 1761

weight per compartment and Wozniacki teach fruits and vegetables vary in size and it is

preferred to use removable and adjustable partitions, such that for one particular size or

shape one may have  at least one of the partitions comprises two or more straight

portions at right angles to each other and the base, to allow one to pack the same

weight of fruits and vegetables in the same package by adjusting the partitions. Thus,

Albertson's would benefit in that the size of compartments would be readily adjusted to

accommodate a variety of sizes and still assure a desired weight.


38.    Claims 1,26,27,29,30,32-34 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Albertson's in view of the Admission of the Prior Art and McMahon et

al. (US 4660716) and  Brown (US 6595366 B1) and  Antoon (US 5045331).

39.    Every limitation but one recited in claims 1,26,27,29,30,32-34 is the shared with

claims 35,36,38,39,41,43,44,46,47,49,50,51,52,55,57,59,60,61,63 rejected above.

Thus claims 1,26,27,29,30,32-34  are rejected for the same reasons stated for the

rejection of claims 35,36,38,39,41,43,44,46,47,49,50,51,52,55,57,59,60,61,63.    The

one limitation not recited or addressed in the above rejections is : the initial packaging

atmosphere is air (in claim 1).   Albertson's is silent in teaching the particular

atmosphere in which the vegetables are packed.

40.    Rationale for modifying Albertson's to include an initial packaging atmosphere

comprising air:

41.    Antoon teaches providing an atmosphere control member will allow one to obtain

an optimum environment, or carbon dioxide to oxygen ratio, to store fruits or vegetables

Application/Control Number: 10/222,435                                    Page 17
Art Unit: 1761

and retard maturation and spoilage. The control member allows carbon dioxide and

oxygen to pass in and out of the container.   Antoon further teaches selecting a control

member size sufficient to allow the type of control required within a reasonable time

(Abstract, Column 4, lines 3-45, and  Column 6, lines 35-59).   Therefore, it would have

been obvious to package the vegetables in an air atmosphere depending on the size of

atmosphere control member selected and the acceptable amount of time required to

attain the preferred atmosphere in the container body, since Antoon teaches an

optimized environment of  carbon dioxide and oxygen needed to extend shelf life is

attained by using an atmosphere control member and the size of the control member

affects the time  required to attain the desired environment,  and if the size of the control

member is sufficient to effectively alter an initial air atmosphere in a desired time period

to the desired container body atmosphere, then an initial air atmosphere would have

been acceptable.


42.    Claims 2, 31, and 73 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Albertson's in view of the Admission of the Prior Art and McMahon et al. (US

4660716) and  Brown (US 6595366 B1) and  Antoon (US 5045331) as applied to claims

1,26,27,29,30,32-34 above, further in view of Langenbeck (US 4593816).

43.    Regarding claims 2 and 73, these claims include the same limitations as claim 75

and are rejected for the same reasons discussed above in the rejection of Claim 75

above.

Application/Control Number: 10/222,435                                              Page 18
Art Unit: 1761

44.    Regarding claim 31, this limitation is the same as the limitation as claim 40 and is
rejected for the same reasons discussed above in the rejection of claim 40.


45.    Claims 2 ,31, 74 are rejected under 35 U.S.C. 103(a) as being unpatentable over
Albertson's in view of the Admission of the Prior Art and McMahon et al. (US 4660716)
and  Brown (US 6595366 B1) and  Antoon (US 5045331) as applied to claims
1,26,27,29,30,32-34 above, further in view of Wozniacki (US 4272008).

46.    Regarding claims 2 and 74, these claims include the same limitations as claim 76
and are rejected for the same reasons discussed above in the rejection of Claim 76
above.

47.    Regarding claim 31, this limitation is the same as the limitation as claim 40 and is
rejected for the same reasons discussed above in the rejection of claim 40.


48.    Claim 28 is rejected under 35 U.S.C. 103(a) as being unpatentable over
Albertson's in view of the Admission of the Prior Art and McMahon et al. (US 4660716)
and  Brown (US 6595366 B1) and  Antoon (US 5045331) as applied to claims
1,26,27,29,30,32-34 above, further in view of Wyslotsky et al. (US 20030057217 A1).

49.    Claim 28 includes the same limitation addressed in the rejection of claim 45
above and is rejected for the same reasons discussed above in the rejection of Claim
45 above.

50.      Claims 64- 68; and 82 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Albertson's in view of the Admission of the Prior Art and Wozniacki

(US 4272008) and McMahon et al. (US 4660716) and Antoon (US 5045331).

51.      Regarding claims 64,67, 68, and 82,Albertson's teaches a transparent domed

shaped container body (i.e. the lid) having a base , a contiguous wall extending from the

base, and a continuous rim, as recited in claim 64.  The body is intended to be applied

to a 12" tray, or a 12" diameter, and thus since the rim of the body appears to meat the

edge of the 12" tray, the body also has 12" diameter, or includes a circumference of  38"

(i.e. 30-100 in), as recited in claim 64.  Albertson's teaches the body has a loading

orientation is such that the walls extends upwards from the base , creates 4 sections, or

compartments, in the body, and places  multiple pieces of 4 different types of fresh

vegetables into each compartment(e.g. 14 oz of carrots, 12 oz of cauliflower, 6 oz of

celery, and 10 oz of broccoli) as recited in claim 64.  Albertsons further teaches placing

the support tray over the body, and turning the body/tray upside down, whereby the tray

can be displayed for sale in this orientation such that the vegetables can be viewed

through the container body (See Page 37), as recited in claims 64 and 68.

52.      Albertson's is silent in teaching :

        (1) the body has a depth of 1-4"as recited in claim 64,

        (2) the container body is molded from polymeric material as recited in claim 64,

        (3) sealing a sealing sheet of polymeric material over the fresh vegetable

compartments as recited in claim 64,

(4) partitions extend upward from the body in the loading orientation to form compartments wherein the partitions are removable located in the container body as recited in claim 64, and at least one of the partitions comprises two or more straight portions at right angles to each other and the base as recited in claim 82.

(5) the sealed package includes at least one atmosphere control member as recited in claim 64 so that the control member provides the only pathways for oxygen and carbon dioxide as recited in claim 67,

53.    Rationale for modifying Albertson's with respect to (1) :

Albertson's teaches filling 4 sections, or compartments of a 12" diameter body with 14 oz of carrots, 12 oz cauliflower, 6 oz of celery, and 10 oz of broccoli.  It would have been an obvious to select any particular depth for the body, depending on the expected size and shape of each variety of vegetable , since Albertson's required 14 oz of carrots, 12 oz cauliflower, 6 oz of celery, and 10 oz of broccoli in 4 equal compartments of a 12" diameter body and one would have to select an appropriate depth to accommodate enough vegetables of an expected size and shape in each compartment in order to achieve the desired weight.

54.    Rationale for modifying Albertson's with respect to (2) and (3):

The admission of the prior art teaches conventional features of known fresh vegetables separated into sections, or compartments, and located between a support and transparent cover. The admission of the prior art teaches in order to increase the shelf life a transparent polymeric sheet is conventionally sealed over the compartments of fresh vegetables prior to covering the compartments with a lid to allow for modified

atmosphere packaging or a controlled atmosphere package.  The admission of the prior

art also teaches the support and cover are formed by molded polymeric materials

(Paragraphs 3-6 of the Pre-Grant Publication of the application).  Therefore, it would

have been obvious to further modify Albertson's and form the container body of

polymeric material since the admission of the prior art teaches the conventional

materials used to store fresh vegetables is made from polymeric material.   It would

have also have been obvious to further include sealing a sealing sheet of polymeric

material over the fresh vegetable sections, or compartments, prior to applying the tray to

cover to the compartments, such that the sealing sheet would rest on the tray after the

body/tray structure was inverted since the admission of the prior art teaches sealing a

transparent polymeric sheet over the compartments of fresh vegetables in the body

*prior* to applying a cover would increase shelf life and provide for a modified atmosphere

package or controlled atmosphere package.

55.    Rationale for modifying Albertson's with respect to (4):

Wozniacki teach fruits and vegetable packages conventionally utilize adjustable and

removable dividers  because fruits and vegetables vary in size and in order to pack the

same weight of produce items one would have to be able to adjust the partition size and

shape, for example such that at least one of the partitions comprises two or more

straight portions at right angles to each other and the base, depending on the shape

and size of the fruits or vegetables (Column 1, lines 10-26, Column 3, line 13-32 and

Column 3, line 46 to Column 4, line 3 and Column 4, line 20-30,  wherein the base of

Figure 5 is the surface supporting the divider 10 and is perpendicular to the partitions 44

Application/Control Number: 10/222,435                                    Page 22
Art Unit: 1761

and 43 which are perpendicular to each other.) McMahon et al. are relied on as further evidence of the conventionality of dividing a transparent body into sections, or compartments, filling the compartments with different types of food, and placing a tray over the body, such that when the tray and body are inverted, the different types of food remains in a divided manner. McMahon et al. teach the advantages of providing the partitions are the partitions facilitate package and segregate the different foods during shipment /storage (Abstract, Column 1, lines 53-57, Column 2, lines 36-Column 3, line 7,Column 4, lines 24-51).

56.    Therefore, it would have been obvious to further modify Albertson's container body and provide removable partitions wherein at least one of the partitions comprises two or more straight portions at right angles to each other and the base depending on the particular shape and size of the vegetables since Albertson's teaches forming compartments in the container body to accommodate a desired weight per compartment and Wozniacki teach fruits and vegetables vary in size and it is preferred to use removable and adjustable partitions, such that for one particular size or shape one may have at least one of the partitions comprises two or more straight portions at right angles to each other and the base, to allow one to pack the same weight of fruits and vegetables in the same package by adjusting the partitions and McMahon et al. teach dividing a transparent container body into compartments with partitions will facilitate packaging and maintain the division between different types of food during shipping and storage . Thus, Albertson's would benefit in that the size of compartments would be readily adjusted to accommodate a variety of sizes and still assure a desired weight, as

H·087

Application/Control Number: 10/222,435                                    Page 23
Art Unit: 1761

well as maintain a division between different types of foods during shipping and storage
of a transparent container body.

57.    Rationale for modifying Albertson's with respect to (5):

Antoon also teaches a sealed container body holding fruit or vegetables. Antoon
teaches providing an atmosphere control member will allow one to obtain an optimum
environment, or carbon dioxide to oxygen ratio, to store fruits or vegetables and retard
maturation and spoilage. The control member allows carbon dioxide and oxygen to pass
in and out of the container. (Abstract, Column 4, lines 36-45, and  Column 6, lines 35-
59).  Therefore it would have been obvious to further modify Albertson's and provide at
least one atmosphere control member such that the control member provides the only
pathways for oxygen and carbon dioxide,  since Antoon teaches providing an
atmosphere control member for an otherwise gas impermeable fruits/vegetables
storage container body will allow one to obtain an optimum storage environment , or
carbon dioxide to oxygen ratio, and retard both maturation and spoilage.

58.    Regarding claim 65, modified Albertson's is silent in teaching any particular
partition size, such as less than 0.125".

59.    Rationale for modifying Albertson's to include partition thickness of less than
0.125":

As discussed above in the rejection of claims 64,67, 68, and 82, Wozniacki teach fruits
and vegetable packages conventionally utilize adjustable and removable dividers
because fruits and vegetables vary in size and in order to pack the same weight of
produce items one would have to be able to adjust the partition size and shape and

H-088

Application/Control Number: 10/222,435                                    Page 24
Art Unit: 1761

McMahon et al. teach the advantages of providing the partitions are facilitating
packaging and segregating the different foods during shipment /storage.  Examiner also
takes Official Notice that is notoriously well known in the art packaging art that it is
desirable to minimize the thickness of packaging materials without sacrificing
functionality in order to minimize the associated material costs of forming the package.
Therefore, to further modify Albertson's and select any particular thickness of the
partitions would have been obvious depending on thickness that would save on material
costs and the minimum thickness required to still  achieve the desired affect of the
partitions:  to provide adjustable partitions to accommodate different sizes and shapes
of vegetables, facilitate packaging, and segregate the vegetables during shipment and
storage.

60.      Regarding claim 66, Albertson's teaches placing a cup of dip in the center of the
container and dividing the container into sections/compartments, wherein the cup helps
to define the compartments (See Page 37).  Albertson's is silent in teaching a carton of
dip.

61.      Rationale for modifying Albertson's to include a carton of dip:

It would have been obvious to modify the "cup" of dip and include a "carton" of dip since
the Examiner takes Official Notice of the equivalence of  "cups" and "cartons" for their
use in the mercantile packaging art and the selection of any of these known equivalents
to package a dip for mercantile use would be within the lever of ordinary skill in the art.

Application/Control Number: 10/222,435                                    Page 25
Art Unit: 1761

62.    Claim 81 is rejected under 35 U.S.C. 103(a) as being unpatentable over

Albertson's in view of the Admission of the Prior Art and Wozniacki (US 4272008) and

McMahon et al. (US 4660716) and  Antoon (US 5045331) as recited in claims 64-68,

and 82 above, further in view of Ingle (US 3749299)

63.    Modified Albertson's includes removable partitions, but Albertson's is silent in

teaching the partitions are removably located in location members in the  wall or base

so that the compartments have fixed size.

64.    Rationale for including removable partitions and location members in the wall or

base so that the compartments have fixed size:

65.    Ingle also teaches removable partitions for compartmented container bodies.

Ingle teaches providing the walls of a container body with location members so that the

removable partitions members are secured to the wall and prevent commingling of

items held in each compartment. (Column 1, lines9-46,Column 3, lines 26-38).

Therefore, it would have been obvious to further modify Albertson's and include location

members in the wall so that the compartments have a fixed size, since Ingle teaches

this will prevent the commingle of the contents of each compartment.


**Response to Amendment**

66.    The Declaration under 37 CFR 1.132 filed April 11,2005 is insufficient to

overcome the previously or presently rejected claims  based upon Albertson's as set

forth in the previous or present Office action because:

Application/Control Number: 10/222,435                                    Page 26
Art Unit: 1761

67.    With respect to item 3, the modification of Albertson's is not to include partitions

on the *tray*, but include partitions on the *lid*, which is referred to as the container body in

the rejections.

68.    With respect to items 6 and 7, the declaration refers only to the system described

in the above referenced application and not to the individual claims of the application.

Thus, there is no showing that the objective evidence of nonobviousness is

commensurate in scope with the claims.  See MPEP § 716.  As discussed above in the

rejections made under 35 U.S.C. 112, second paragraphs, the claims fail to recite

structural relationships need to distinctly claim the tray placed over an atmosphere

control member on the sealing sheet will allow gases to flow into and out of the

container body, rather than block the flow of gases.

69.    In view of the foregoing, when all of the evidence is considered, the totality of the

rebuttal evidence of nonobviousness fails to outweigh the evidence of obviousness.


**Response to Arguments**

70.    Applicant's arguments with respect to claim April 7,2005 have been considered

but are moot in view of the new grounds of rejection necessitated by the Amendment.


**Conclusion**

71.    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Robert Madsen whose telephone number is (571) 272-

1402. The examiner can normally be reached on 8:00AM-4:30PM M-F.

Application/Control Number: 10/222,435                    Page 27
Art Unit: 1761

72.    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Milton Cano can be reached on (571) 272-1398.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

73.    Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

                                    Robert  Madsen
                                    Examiner
                                    Art Unit 1761

RAM

                        MILTON A. CANO
                  SUPERVISORY PATENT EXAMINER
                     TECHNOLOGY CENTER 1700

H-092

OIPE
JUN 20 2005
PATENT & TRADE...

PTO/SB/08B (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| Complete If Known | |
|---|---|
| Application Number | 10/222,435 |
| Filing Date | August 16, 2002 |
| First Named Inventor | Pratte |
| Art Unit | 1761 |
| Examiner Name | Madsen |
| Attorney Docket Number | 14181 |

| Sheet | 1 | of | 1 |
|---|---|---|---|

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
| *Rm* | 1 | DuPont Awards, 1989, "Freshold Packaging Systems" | |
| *Rm* | 2 | Prepared Foods article, June 1996, "Outsourcing Pre-Cut Veggies Avoids Preparation Costs" | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | | Date Considered | 10/5/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

H-003

| | Notice of References Cited | Application/Control No.<br>10/222,435 | Applicant(s)/Patent Under<br>Reexamination<br>PRATTE, WESLEY PAUL | |
|---|---|---|---|---|
| | | Examiner<br>Robert Madsen | Art Unit<br>1761 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-4,272,008 | 06-1981 | Wozniacki, Roger M. | 229/120.23 |
| | B | US-3,749,299 | 07-1973 | Ingle, Robert B. | 229/120.34 |
| | C | US-4,593,816 | 06-1986 | Langenbeck, Keith A. | 206/425 |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 10052005

H-094



### Index of Claims

| Application No. | Applicant(s) |
|---|---|
| 10/222,435 | PRATTE, WESLEY PAUL |
| Examiner | Art Unit |
| Robert Madsen | 1761 |

| √ | Rejected | | – | (Through numeral) Cancelled | | N | Non-Elected | | A | Appeal |
|---|---|---|---|---|---|---|---|---|---|---|
| = | Allowed | | + | Restricted | | I | Interference | | O | Objected |

| Claim | | Date | Claim | | Date | Claim | | Date |
|---|---|---|---|---|---|---|---|---|
| Final | Original | | Final | Original | | Final | Original | |
| | 1 | √ | | 51 | √ | | 101 | |
| | 2 | √ | | 52 | √ | | 102 | |
| | 3 | √ | | 53 | √ | | 103 | |
| | 4 | √ | | 54 | | | 104 | |
| | 5 | √ | | 55 | √ | | 105 | |
| | 6 | N | | 56 | | | 106 | |
| | 7 | N | | 57 | | | 107 | |
| | 8 | N | | 58 | | | 108 | |
| | 9 | N | | 59 | | | 109 | |
| | 10 | N | | 60 | | | 110 | |
| | 11 | N | | 61 | | | 111 | |
| | 12 | N | | 62 | | | 112 | |
| | 13 | N | | 63 | | | 113 | |
| | 14 | N | | 64 | | | 114 | |
| | 15 | N | | 65 | | | 115 | |
| | 16 | N | | 66 | | | 116 | |
| | 17 | √ | | 67 | √ | | 117 | |
| | 18 | N | | 68 | √ | | 118 | |
| | 19 | N | | 69 | | | 119 | |
| | 20 | N | | 70 | | | 120 | |
| | 21 | N | | 71 | | | 121 | |
| | 22 | N | | 72 | √ | | 122 | |
| | 23 | N | | 73 | √ | | 123 | |
| | 24 | N | | 74 | | | 124 | |
| | 25 | | | 75 | | | 125 | |
| | 26 | √ | | 76 | | | 126 | |
| | 27 | | | 77 | | | 127 | |
| | 28 | | | 78 | | | 128 | |
| | 29 | | | 79 | | | 129 | |
| | 30 | | | 80 | | | 130 | |
| | 31 | | | 81 | | | 131 | |
| | 32 | | | 82 | √ | | 132 | |
| | 33 | | | 83 | | | 133 | |
| | 34 | | | 84 | | | 134 | |
| | 35 | | | 85 | | | 135 | |
| | 36 | | | 86 | | | 136 | |
| | 37 | | | 87 | | | 137 | |
| | 38 | | | 88 | | | 138 | |
| | 39 | | | 89 | | | 139 | |
| | 40 | | | 90 | | | 140 | |
| | 41 | | | 91 | | | 141 | |
| | 42 | | | 92 | | | 142 | |
| | 43 | | | 93 | | | 143 | |
| | 44 | | | 94 | | | 144 | |
| | 45 | | | 95 | | | 145 | |
| | 46 | | | 96 | | | 146 | |
| | 47 | | | 97 | | | 147 | |
| | 48 | | | 98 | | | 148 | |
| | 49 | | | 99 | | | 149 | |
| | 50 | √ | | 100 | | | 150 | |

**Best Available Copy**

Part of Paper No. 05212004

H-095

| Search Notes | Application No. | Applicant(s) |
|---|---|---|
| | 10/222,435 | PRATTE, WESLEY PAUL |
| | Examiner | Art Unit |
| | Robert Madsen | 1761 |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 426 | 106 | 5/21/2004 | RAM |
| 426 | 112 | 5/21/2004 | RAM |
| 426 | 115 | 5/21/2004 | RAM |
| 426 | 119 | 5/21/2004 | RAM |
| 426 | 120 | 5/21/2004 | RAM |
| 426 | 389 | 5/21/2004 | RAM |
| 426 | 392 | 5/21/2004 | RAM |
| 426 | 394 | 5/21/2004 | RAM |
| 426 | 395 | 5/21/2004 | RAM |
| 206 | 541 | 5/21/2004 | RAM |
| 206 | 545 | 5/21/2004 | RAM |
| 206 | 546 | 5/21/2004 | RAM |
| 206 | 548 | 5/21/2004 | RAM |
| 206 | 216 | 5/21/2004 | RAM |

### SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| EAST TEXT SEARCH | 5/21/2004 | RAM |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

### INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Best Available Copy

U.S. Patent and Trademark Office

Part of Paper No 05212004

H-096

**Search Notes (continued)**

| Application No. | Applicant(s) |
|---|---|
| 10/222,435 | PRATTE, WESLEY PAUL |
| Examiner | Art Unit |
| Robert Madsen | 1761 |

Best Available Copy

| SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| 206 | 562 | 5/21/2004 | RAM |
| 206 | 563 | 5/21/2004 | RAM |
| 220 | 23.83 | 5/21/2004 | ram |
| 206 | 561 | 5/21/2004 | Ram |
| 206 | 564 | 5/21/2004 | Ram |
| 206 | 557 | 5/21/2004 | Ram |
| 426 | 113 | 5/21/2004 | Ram |
| 426 | 114 | 5/21/2004 | Ram |
| Updated | search | 1/7/05 | Ram |
| Updated | ALL | 10/7/05 | Ram |
| 220 | 529 | | |
| | 532 | | |
| | 555 | | |
| | | | |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | DATE | EXMR |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |
| | | | |

H-097



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

Mailed: 7/29/05

td

In re application of
Pratte
Serial No. 10/222,435
Filed:  August 16, 2002
For:   PARTY TRAY

:
:
:
:

DECISION ON
PETITION

This is a decision on the PETITION UNDER 37 CFR 1.181 TO WITHDRAW THE FINALITY OF THE OFFICE ACTION mailed February 9, 2005.

On June 3, 2004, a non-final office action was mailed to applicant containing various rejections of the claims.  On November 1, 2004, an interview was conducted between the examiner and Applicant's representative.   According to the interview Summary Sheet (PTOL-413), Applicant's representative presented a proposed amendment.  The examiner indicated that the proposed amendment would overcome the rejections set forth in the non-final office action.  On February 9, 2005, a final office action was mailed.

Applicants filed a request for withdrawal of the finality of the office action on April 11, 2005 along with an amendment to the claims.  The examiner denied the request to withdraw finality and refused to enter the amendment after final in an advisory action mailed April 21, 2005.

On March 9, 2005 the instant petition under 37 CFR 1.181 was timely filed to formally request the withdrawal of finality of the February 9, 2005 office action.

Applicants position for the withdrawal of the finality is that applicants have not received a full and fair hearing to which he is entitled.

**DECISION**

Section 706.07 of the MPEP states:

Before final rejection is in order a clear issue should be developed between the examiner and applicant. To bring the prosecution to as speedy conclusion as possible and at the same time to deal justly by both the applicant and the public, the invention as disclosed and claimed should be thoroughly searched in the first action and the references fully applied; and in reply to this action the applicant should amend with a view to avoiding all the grounds of rejection and objection. Switching from one subject matter to another in the claims presented by applicant in successive amendments, or from one set of references to another by the examiner in rejecting in successive actions claims of

H-098

09/565,138                                                                                          2

substantially the same subject matter, will alike tend to defeat attaining the goal of
reaching a clearly defined issue for an early termination, i.e., either an allowance of the
application or a final rejection.

Petitioner argues that because the examiner told Applicant's representative at an interview the
proposed amendment would overcome the rejections set forth over the claims, the February 9,
2005 office action should not have been made final.  It is argued that the finality was inconsistent
with the previous actions at the interview.  This argument is persuasive.

The examiner, by making the February 9, 2005 office action final, has not allowed Applicant to
develop a clear issue during the prosecution of the case.  If applicant was told at the interview
that the proposed amendment was not sufficient to overcome the rejections, then applicant would
have had further opportunity to amend to claims in a manner to overcome the rejection.  Because
applicant was under the impression the claims were allowable over the rejections of record due
to the statements made by the examiner, no clear issue was developed.

Accordingly, the finality of the February 9, 2005 office action was improper and the instant
petition is **GRANTED.**.  It is noted that Applicant has submitted a response to this office action.
Because the finality of the February 9, 2005 office action has been withdrawn, the response will
be treated as an amendment after non-final and will be entered.  The examiner is directed to treat
the amendment as such and prepare an office action in response to the amendments filed.

Jacqueline M. Stone, Director
Technology Center 1700
Chemical and Materials Engineering

Jeffrey G. Sheldon Esq.
Sheldon & Mak
Suite 900
225 South Lake Avenue
Pasadena CA 91101

H-099

1F 1761

14181

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | ) Group Art Unit: 1761 |
| | ) |
| PRATTE, Wesley Paul | ) Examiner Robert A. Madsen |
| | ) |
| Serial No.: 10/222,435 | ) |
| | ) *I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING* |
| Publication No. 2004/0033338 | ) *DEPOSITED WITH THE U.S. POSTAL SERVICE AS FIRST CLASS MAIL* |
| | ) *IN AN ENVELOPE ADDRESSED TO: COMMISSIONER FOR PATENTS,* |
| | ) *P.O. Box 1450, Alexandria, VA  22313-1450 ON* |
| Filing Date: August 16, 2002 | ) |
| | ) *BY:KIRA LUTCHENKOV* |
| For: PARTY TRAY | ) |

## SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia  22313-1450

Sir:

     In fulfilling the duty of candor and good faith, the documents listed on the attached
INFORMATION DISCLOSURE STATEMENT BY APPLICANT are disclosed to the Office
in accordance with 37 CFR § 1.56. It is not admitted that the information in the listed
documents is material to patentability as defined in 37 CFR § 1.56(b) or that the documents are
analogous art. The Examiner is asked to consider these documents, and to confirm such
consideration by returning an initialed and signed copy of the attached INFORMATION
DISCLOSURE STATEMENT BY APPLICANT.

     The undersigned certifies under 37 CFR 1.97(e)(2) that none of the listed documents
was cited in a communication from a foreign patent office in a counterpart foreign application,
or to the knowledge of the undersigned, after making reasonable inquiry, was known to any
individual designated in 37 CFR 1.56(c) more than three months prior to the filing of this
Disclosure Statement.  It is believed, therefore, that no fee is due.  If this is incorrect, please
charge any necessary fee for consideration of this Disclosure Statement to Deposit Account
No. 19-2090 (Sheldon & Mak).

The documents were brought to the undersigned's attention by an attorney for a third party who appears to believe they should be cited to the U.S. Patent Office.

Respectfully submitted,
SHELDON & MAK

Date: 6-14-05

By _____
　　Jeffrey G. Sheldon
　　Reg. No. 27,953

225 South Lake Avenue
Ninth Floor
Pasadena, California 91101
(626) 796-4000

PTO/SB/08B (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| Complete if Known | |
|---|---|
| Application Number | 10/222,435 |
| Filing Date | August 16, 2002 |
| First Named Inventor | Pratte |
| Art Unit | 1761 |
| Examiner Name | Madsen |
| Attorney Docket Number | 14181 |

| Sheet | 1 | of | 1 | | |

## NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | 1 | DuPont Awards, 1989, "Freshold Packaging Systems" | |
| | 2 | Prepared Foods article, June 1996, "Outsourcing Pre-Cut Veggies Avoids Preparation Costs" | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

H-102

04/23/2005  12:18    650-854-2384              T&S RICHARDSON                    PAGE  01

**RECEIVED**
**CENTRAL FAX CENTER**

APR 2 3 2005

Docket No. 14181

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:    Pratte                                Group Art Unit: 1761

Serial No.:   10/222,435                            Examiner: Robert Madsen

5  Filing Date: August 16, 2002

Title:        Party Tray

Mail Stop AF                                        by fax to 703-872-9306

Commissioner for Patents,  P.O. Box 1450, Alexandria, VA 22313-1450

10

### REQUEST FOR DECISION ON PETITION

Sir,

This paper is a **request for an early decision** on the petition filed March 9,

2005, to remove the finality of the Office Action mailed February 9, 2005.  Applicants

15  filed a response to that Office Action on April 7, 2005, and on April 21, 2005, the

Examiner issued an Advisory Action maintaining the rejections and refusing to enter the

amendments requested in that response.  The future prosecution of this application

depends, therefore, on the decision on the petition filed March 9, 2005.

A further reason for requesting removal of the finality of the Office Action has been

20  appreciated since the petition was filed on March 9, 2005.  As noted on page 23 of the

Response mailed April 7, 2005, paragraph 15 of the Office Action rejects claims 28, 37 and 45

over Albertson's, Brown, Wyslotsky and Skinner.  There is no other rejection of claims 28, 37

and 45.  However, the discussion of this rejection in paragraph 16 of the Office Action does not

refer to Sinner, and the rejection cannot, therefore, be understood.  It is apparent, therefore, that

25  no clear issue has been developed between Applicant and Examiner with regard to claims 28,

37 and 45, as is necessary before an appeal.

Respectfully submitted

T.H.P.Richardson, Registration No. 28,805, Tel No. 650 854 6304

### CERTIFICATE OF FACSIMILE TRANSMISSION UNDER 37 CFR 1.8

30

I hereby certify that this paper is being sent by facsimile transmission to the United States Patent and Trademark Office
(703 872 9306) on April 23, 2005
Typed name of person signing this certificate: T. H. P. Richardson, Reg No. 28805, Tel No. 650 854 6304, Fax No.
650 854 6304
Signature

H-103



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/222,435 | 08/16/2002 | Wesley Paul Pratte | 14181 | 8932 |

7590          04/21/2005

Jeffrey G. Sheldon Esq.
Sheldon & Mak
Suite 900
225 South Lake Avenue
Pasadena, CA  91101

| EXAMINER |
|---|
| MADSEN, ROBERT A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1761 | |

DATE MAILED: 04/21/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

H-104

| | Application No. | Applicant(s) | |
|---|---|---|---|
| ***Advisory Action*** | 10/222,435 | PRATTE, WESLEY PAUL | |
| ***Before the Filing of an Appeal Brief*** | Examiner | Art Unit | |
| | Robert Madsen | 1761 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED <u>07 April 2005</u> FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

1. ☒ The reply was filed after a final rejection, but prior to filing a Notice of Appeal. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114. The reply must be filed within one of the following time periods:

   a) ☐ The period for reply expires _____ months from the mailing date of the final rejection.

   b) ☒ The period for reply expires on: (1) the mailing date of this Advisory Action, or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

   Examiner Note: If box 1 is checked, check either box (a) or (b). ONLY CHECK BOX (b) WHEN THE FIRST REPLY WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. See MPEP 706.07(f).

   Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

NOTICE OF APPEAL

2. ☐ The reply was filed after the date of filing a Notice of Appeal, but prior to the date of filing an appeal brief. The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37 CFR 41.37(a).

AMENDMENTS

3. ☒ The proposed amendment(s) filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because

   (a) ☒ They raise new issues that would require further consideration and/or search (see NOTE below);

   (b) ☐ They raise the issue of new matter (see NOTE below);

   (c) ☒ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

   (d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

   NOTE: <u>The new limitations directed to the loading orientation of independent claims 1,35,44,52,60,64 and the new partition related claims 73-82 require further consideration and search.</u> (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☐ Applicant's reply has overcome the following rejection(s): _____.

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☒ For purposes of appeal, the proposed amendment(s): a) ☒ will not be entered, or b) ☐ will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.

   The status of the claim(s) is (or will be) as follows:

   Claim(s) allowed: <u>None</u>.

   Claim(s) objected to: <u>54</u>.

   Claim(s) rejected: <u>1,2,26-53 and 55-72</u>.

   Claim(s) withdrawn from consideration: <u>none</u>.

AFFIDAVIT OR OTHER EVIDENCE

8. ☒ The affidavit or other evidence filed after a final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

9. ☐ The affidavit or other evidence filed after the date of filing a Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing a good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

10. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

REQUEST FOR RECONSIDERATION/OTHER

11. ☐ The request for reconsideration has been considered but does NOT place the application in condition for allowance because:
   _____.

12. ☐ Note the attached Information Disclosure Statement(s). (PTO/SB/08 or PTO-1449) Paper No(s). _____.

13. ☐ Other: _____.

H-105

U.S. Patent and Trademark Office

Do Not Enter 4/15/2005

Docket No. 14181

THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:    Pratte                          Group Art Unit: 1761

Serial No.:   10/222,435                      Examiner: Robert Madsen

Filing Date: August 16, 2002

Title:        Party Tray

Mail Stop AF

Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450

## REPLY

Sir,

This paper is filed in reply to the Office Action mailed February 9, 2005, which is a final rejection. A petition to remove the finality of the rejection has already been filed. Reexamination, reconsideration and allowance are respectfully requested in view of the Amendments and Remarks below, and the declaration attached.

### Amendments to the Specification

There are no amendments to the specification.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 7 of this paper.

**Remarks/Arguments** begin on page 22 of this paper.

### Summary

The Office Action provides a very detailed and systematic discussion of the various rejections, in particular the rejections under 35 USC 103 of different sets of claims based on different combinations of references. In deference to the approach adopted by the Examiner, and in the interests of completeness, this Reply contains a similarly detailed and systematic explanation of why those rejections should be

## CERTIFICATE OF MAILING UNDER 37 CFR 1.8

I hereby certify that this correspondence is being deposited with United States Postal Service with sufficient postage as first-class mail in an envelope addressed to: Mail Stop AF  Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450
On April 7, 2005      Typed name of person signing this certificate: T. H. P. Richardson
Signature

H-106

04/12/2005 WABDELR1 0000001 192090 10222435

01 FC:2202                    150.00 0A