Virginia A. Crisp (State Bar No. 121387)
ef-vac@cpdb.com
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415-391-4800
Facsimile: 415-989-1663

Joseph S. Presta (*pro hac vice*)
jsp@nixonvan.com
Michael E. Crawford (*pro hac vice*)
mec@nixonvan.com
NIXON & VANDERHYE P.C.
901 North Glebe Road
Arlington, Virginia 22203
Telephone: 703-816-4000
Facsimile: 703-816-4100

Attorneys for Defendant and Counterclaimant
MANN PACKING COMPANY, INC.,
a California corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| APIO, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MANN PACKING COMPANY, INC., a California corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case Number: 5:07-CV-5628-JF/PVT<br><br>**Declaration of Joseph S. Presta in Support of Mann's Response to Apio's Claim Construction Brief**<br><br>Judge: Honorable Jeremy Fogel<br><br>Trial Date: August 10, 2009 |

I, Joseph S. Presta, declare:

1. I am an attorney at law and a shareholder with the law firm of Nixon & Vanderhye, P.C., and am one of the attorneys representing Defendant Mann Packing Company, Inc. in the above-identified matter. I have personal knowledge of the facts set forth below and, if called as a witness and properly sworn, could testify thereto from my own personal knowledge. I make this declaration in support of Mann's Response to Apio's Claim Construction Brief.

2. Attached hereto as Exhibit A is a true and correct copy of U.S. Patent No. 7,083,818 (Pratte) ("the '818 patent-in-suit").

3. Attached hereto as Exhibit B is a true and correct copy of a Supplemental Information Disclosure dated May 18, 2004 that is part of the prosecution history of the '818 patent-in-suit. Included with this Supplemental Information Disclosure Statement are copies of selected pages from an Albertson's manual listed on the PTO Form 1449, including page 37.

4. Attached hereto as Exhibit C is a true and correct copy of an April 11, 2005, amendment and response that is part of the prosecution history of the '818 patent-in-suit.

5. Attached hereto as Exhibit D is a true and correct copy of published U.S. patent application number 2003/0057217 A1 (Wyslotsky et al.).

6. Attached hereto as Exhibit E is a true and correct copy of a January 16, 2006, amendment and response that is part of the prosecution history of the '818 patent-in-suit.

7. Attached hereto as Exhibit F is a true and correct copy of a post-allowance disclosure statement that is part of the prosecution history of the '818 patent-in-suit.

8. Attached hereto as Exhibit G is a true and correct copy of the Declaration of Wesley Pratte filed with the U.S. Patent Office in connection with the prosecution of U.S. patent application serial number 11/408,443, which is a continuation of the application that issued as the '818 patent-in-suit.

9. Attached hereto as Exhibit H is a true and correct copy of U.S. Patent No. 6,376,032 (Clarke et al.).

10. Attached hereto as Exhibit I is a true and correct copy of a data sheet for Apio's patented technology that was obtained from Apio's web site at http://www.breatheway.com/pdf/BreatheWay_Technology.pdf.

11. Attached hereto as Exhibit J are true and correct copies of pictures from the demonstration showing Apio's patented technology at work that were obtained from Apio's web site at http://www.breatheway.com/.

12. Attached hereto as Exhibit K is a summary document that was prepared for the Court's ease of reference in understanding Apio's disclosure of the Foxy Foods trays to the Patent Office and the arguments that Apio made to distinguish the Foxy Foods prior art from the invention of the '818 application (see Exhibit F for complete disclosure). On the document attached as Exhibit K, the relevant figures and arguments from the Exhibit F disclosure statement have been consolidated, and reference labels have been added to point out certain features.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August 25, 2008

_____
Joseph S. Presta