1  Jeffrey G. Sheldon (State Bar No. 67516)
2  Marc A. Karish (State Bar No. 205440)
   SHELDON MAK ROSE & ANDERSON PC
3  100 East Corson Street, Third Floor
4  Pasadena, California  91103-3842
   Telephone: (626) 796-4000
5  Facsimile: (626) 795-6321
6  E-Mail: mkarish@usip.com

7
   Attorneys for Plaintiff and Counterdefendant
8  APIO, INC.

9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

13  APIO, INC., a Delaware corporation,    )  Case No.  CV 07-5628 PVT
14                                          )
              Plaintiff,                     )  **SUPPLEMENTAL DECLARATION**
15                                          )  **OF RAYMOND CLARKE IN**
        vs.                                 )  **SUPPORT OF PLAINTIFF'S**
16                                          )  **REPLY CLAIM CONSTRUCTION**
    MANN PACKING COMPANY, INC.,             )  **BRIEF**
17  a California corporation; and DOES 1 –  )
    10, inclusive,                          )
18                                          )
              Defendants.                    )
19  _____)
20  MANN PACKING COMPANY, INC.,            )
    a California corporation,               )
21                                          )
              Counterclaimant,               )
22                                          )
        vs.                                 )
23                                          )
    APIO, INC., a Delaware corporation,     )
24                                          )
              Counterdefendant.              )
25  _____)

26      I, Raymond Clarke, declare:

27      **MY QUALIFICATIONS**

28      1.    My qualifications are set out in the declaration filed with Apio's

Opening Claim Construction Brief.

2.     I reviewed Mann Packing Company, Inc.'s Response to Apio's Claim Construction Brief and do not understand the statement on p. 20, lines 8 to 9, that I failed to disclose that I am employed by Apio's parent company, Landec Corporation. I find the claim by Mann to be personally insulting and unprofessional. I do not appreciate my integrity being questioned. I clearly stated in paragraph 6 of my declaration of August 8, 2008 that from 1990 to 2000 I was the director of product development at Landec Corporation and that from 2000 to the present I have been the principle scientist at Apio, Inc. I also submitted a copy of my resume as Exhibit A which lists my employment by both Landec Corporation and Apio, Inc.

**MATERIALS REVIEWED**

3.     To prepare my opinion I reviewed U.S. Patent No. 7,083,818 ("the '818 Patent"), the portions of the file history of the '818 Patent discussed below, the Joint Claim Construction and Prehearing Statement filed in this lawsuit, the portion of "Film Properties of Thermoplastic Films" Handbook of Plastics and Elastomers, McGraw-Hill Book Company ©1975, pp. 1-101, 1-102, the definitions of "seal" discussed below; U.S. Patent Nos. 5,832,699, 6,296,923 and 6,441,340 and U.S. Patent Publication No. 2003/0057217 and Mann Packing Company, Inc.'s Response to Apio's Claim Construction Brief.

**ANALYSIS**

**Atmosphere Control Member**

4.     The language of claims 1 and 8 recite "an atmosphere control member included in the sealing sheet" and that the support tray comprises "ribs such that, after step (E) air can circulate between the support tray and the atmosphere control member".

5.     The claims of the '818 Patent do not state that the "ribs" support the sealing sheet, but only that the "sealing sheet is supported by the support tray."

6.    The Applicant specifically explained "that the term 'rib' is used, and would be understood by one of ordinary skill in the art to be used, in a broad sense to include any conformation which ensures that "air can circulate between the support tray and the atmosphere control member." See Amendment and Response to Office action filed on January 16, 2006, pg. 18, lines 24 to 27.

7.    One of ordinary skill in the art at the time of filing of the '818 Patent would understand that the configuration of the ribs to allow adequate circulation would depend on for, example, the contents of the container body, the size and shape of the support tray and container body, the type of sealing sheet used and the location and type of atmosphere control member(s) used.

8.    It is possible that some trays will only need ribs around the periphery of the support tray.  As seen in the diagrammatic illustration below: ribs located around the periphery of the support tray (shown encircled – the ribs being either discontinuous or having openings for air) may allow air (shown by arrows) to reach the atmosphere control member (labeled ACM), the claimed function, without supporting the portion of the sealing sheet that extends over the fillable compartments as required by Mann's proposed definition.



I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed this 2 nd day of September, 2008 at Guadalupe, California.

Raymond Clarke
RAYMOND CLARKE